699 S.W.2d 296 (1985)
The STATE of Texas, Appellant,
v.
R.B., Appellee.
No. 05-85-00280-CV.
Court of Appeals of Texas, Dallas.
October 4, 1985.
Tom Streeter, Asst. Dist. Atty., Dallas, for appellant.
J. Russell Ormesher, Dallas, for appellee.
Before GUITTARD, C.J., and AKIN and DEVANY, JJ.
*297 AKIN, Justice.
This is an appeal from an order granting expunction of arrest records pursuant to TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1985). The State, as appellant, contends that the trial court erred in granting expunction because appellee R.B. was under court-ordered supervision when adjudication of the arrests in question were deferred under TEX.CODE CRIM.PROC. ANN. art. 42.13 (Vernon Supp.1985).[1] We do not agree. Consequently, we affirm the judgment of the trial court.
Article 55.01 provides:
A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:
(1) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;
(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was no court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended, nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476-15, Vernon's Texas Civil Statutes); and
(3) he has not been convicted of a felony in the five years preceding the date of the arrest.
This article gives persons who have been arrested for commission of either a felony or a misdemeanor the right to have records relating to that arrest expunged if certain conditions are met. These conditions are that (1) the person has not been charged with a felony or the court has dismissed a felony charge because it resulted from a mistake, false information, or other similar reasons indicating absence of probable cause to believe the person committed the offense; (2) the person has been released and the charge has not resulted in a final conviction; (3) the person has not been convicted of a felony in the five years preceding the date of the arrest; and (4) there was no court-ordered supervision under article 42.13. It is undisputed that R.B. met the requirements of article 55.01 if the terms of his deferred adjudication do not constitute "court-ordered supervision." Thus, the sole issue before us is whether the deferred adjudication in this case constitutes "court-ordered supervision."
On March 29, 1981, R.B. was arrested for, and subsequently charged with, driving while intoxicated. To this charge he pleaded nolo contendere and received deferred adjudication. On September 6, 1982, R.B. was again arrested for, and subsequently charged with, driving while intoxicated. Again, R.B. pleaded nolo contendere and received deferred adjudication. It is undisputed that these two orders of deferred adjudication imposed no express conditions of probation on R.B. In fact, the orders for deferred adjudication in both cases provided:

*298 It is further ordered and adjudged that there shall be no Court ordered supervision or probation of Defendant under Article 42.13 of the Code of Criminal Procedure. [emphasis added]
Despite the absence of any explicit condition of probation and the clear language of the two orders of deferred adjudication, the State maintains that R.B. was under court-ordered supervision during the pendency of his deferred adjudication because conditions of probation were implied in the order.
In this respect, the State argues that since the order reserves the right to proceed to an adjudication of guilt, or alternatively to dismiss the proceeding if the court determines that the dismissal would be in the best interest of society and of the defendant, this order necessarily implies as a condition of dismissal rather than an adjudication of guilt that dismissal could not be in the best interest of society and of the defendant. We do not agree.
To hold, as the State would have us do, that a deferred adjudication always carries with it an implied condition of probation would mean that one who had received deferred adjudication would never be entitled to expunction because there would always be court-ordered supervision. Such an interpretation would rob of any meaning the provision that expunction is to be granted when there is no court-ordered supervision. We refuse to adopt such an interpretation.
The State's position is based on the premise that a court could never revoke a deferred adjudication unless there is some violation of a condition of probation. For this proposition the State relies on Meyers v. State, 675 S.W.2d 798 (Tex.App.Dallas 1984, no writ); Texas Commission on Law Enforcement v. Watlington, 656 S.W.2d 666 (Tex.App.Tyler 1983, writ ref'd n.r. e.); and Texas Department of Public Safety v. Failla, 619 S.W.2d 215 (Tex.Civ.App. Texarkana 1981, no writ). Failla is distinguishable because there the trial court did spell out numerous express conditions of probation including a requirement that the defendant report to her probation officer as directed. 619 S.W.2d at 215. Watlington did not address the issue of court ordered supervision, but rather addressed the question of whether the remedy of expunction was available prior to August 29, 1977. In Meyers, the court stated that "the record shows that Meyers pleaded guilty to the offense, paid a fine, and was subjected to conditions of probation for two years" (emphasis added). 675 S.W.2d at 799. Meyers stands only for the proposition that if a defendant is ordered to comply with certain conditions, he is under court-ordered supervision. It does not address whether there is court-ordered supervision when, as here, there are no express conditions of probation and the trial court expressly states that the defendant is not under court-ordered supervision.
In summary, we hold that the trial court did not err when it ruled that R.B. was entitled to have his arrest records expunged when the trial court's deferred adjudication orders regarding those arrests expressly stated that there shall be no court-ordered supervision and there was no express condition of probation stated in either order of deferred adjudication. For this reason, the judgment of the trial court is AFFIRMED.
NOTES
[1] Article 42.13 provides, in pertinent part: Sec. 3d. (a) Except as provided by Subsection (d) of this section, when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or a plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period as the court may prescribe, not to exceed the maximum period of imprisonment prescribed for the offense for which the defendant is charged. The court may impose a fine applicable to the offense and require any reasonable terms and conditions of probation, including any of the conditions enumerated in Sections 6, 6a, and 6c of this Article. [emphasis added]