The TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Daniel Anthony MORAN, Appellee.

No. 04–96–00857–CV.

Court of Appeals of Texas,
San Antonio.

July 16, 1997.

Charles R. Maddox, J. Frank Davis, Texas Dept. of Public Safety, Legal Services, Asst. Gen. Counsel, Austin, for appellant.

Gary F. Churak, San Antonio, for appellee.

Before HARDBERGER, C.J., and STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

This is an appeal from a court order granting an expunction of a misdemeanor arrest record. Daniel Anthony Moran was arrested in September 1991, and an information was presented for misdemeanor assault. Moran pled guilty to the offense and received six months deferred adjudication. According to the parties, the case was dismissed because Moran successfully fulfilled the terms of his deferred adjudication. On March 13, 1996, Moran filed a verified petition to expunge his arrest record. The Bexar County District Attorney was the only agency that appeared at the hearing and filed an answer. After hearing evidence and argument of counsel, the court issued an order expunging Moran's arrest record. Upon receiving notice of the expunction order, DPS requested findings of fact and conclusions of law and filed a motion for new trial on legal and factual sufficiency grounds, which the court denied.

On appeal, DPS brings forward five points of error challenging the factual and legal sufficiency of the court's finding that Moran was entitled to an expunction. In its first point of error, DPS asserts that Moran did not prove in what county the arrest occurred; in its second and third points of error, DPS contends that there was legally and factually insufficient evidence to find that Moran's misdemeanor charge was disposed of in a statutorily permissible manner. DPS' third point of error challenges the court's first conclusion of law, which found Moran was entitled to an expunction, as not being supported by the court's second finding of fact, which stated that Moran was placed on deferred adjudication. In its fifth point of error, DPS claims that Moran did not carry his burden in proving the misdemeanor charge was disposed of in a manner prescribed by the statute.

DPS contends that it is entitled to bring this appeal without proving that the elements of an equitable motion for new trial have been satisfied because Moran waived his right to a default judgment. We agree. Moran waived his right to obtain a default judgment after proceeding to try the case on the merits without first requesting a default judgment, despite the court's notation on the judgment entered after the trial that DPS defaulted. See Artripe v. Hughes, 857 S.W.2d 82, 87 (Tex.App.—Corpus Christi 1993, writ denied); Estate of Grimes v. Dorchester Gas Producing Co., 707 S.W.2d 196, 204 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.); Goetz v. Goetz, 534 S.W.2d 716, 719–20 (Tex.Civ.App.—Dallas 1976, no writ). Moreover, we hold that when one agency appears at an expunction hearing, the court

cannot enter a default judgment against any of the other agencies. In an expunction hearing, regardless of which agency appears or files an answer, the court must resolve a question common to all agencies—whether the petitioner has satisfied the statutory requirements. The default of one agency does not affect the inseparable, ultimate issue of whether the petitioner is entitled to an expunction. Permitting a default judgment against one agency when another has appeared might result in inconsistent judgments since the court could, on one hand, enter a default judgment granting the expunction and then, on the other hand, deny the expunction when the answering agency proves the petitioner is not entitled to an expunction. Because of the possibility of irreconcilable judgments, the court, in an expunction proceeding, cannot enter a default judgment when at least one agency has appeared. *Cf. Estate of Grimes*, 707 S.W.2d at 204 (finding default judgment impermissible when contest of some defendants made resolution of common issue necessary; permitting otherwise would have led to irreconcilable judgments). As a result, we do not treat the current judgment as a default judgment.

### Standards of Review

A trial court's findings are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994). In reviewing a legal insufficiency challenge or "no evidence" point of error, the reviewing court considers only the evidence and inferences that tend to support the challenged findings and disregards all evidence and inferences to the contrary. *See id.* If there is more than a scintilla of evidence to support the findings, the "no evidence" challenge cannot be sustained. *Id.* In reviewing a factual sufficiency point, the court of appeals must weigh all of the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996). Findings may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

*Id.; Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

A trial court's conclusions of law are always reviewable. *Spiller v. Spiller*, 901 S.W.2d 553, 556 (Tex.App.—San Antonio 1995, writ denied). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence; they will not be reversed unless they are erroneous as a matter of law. *Id.*

### Discussion

The Code of Criminal Procedure permits a person to expunge his arrest records upon meeting certain requirements. *See* TEX.CODE CRIM. PROC. ANN. arts. 55.01, 55.02 (Vernon Supp.1997). The petition filed must be verified and must include such things as the petitioner's name, sex, race, date of birth, the offense charged against the petitioner, and the county in which he was arrested. *Id.* at art. 55.02, § 1(b). The person petitioning for the expunction must file the ex parte petition "in a district court for the county in which he was arrested." *Id.* at art. 55.02, § 1(a). A person is entitled to an expunction if he has been acquitted by the trial court, convicted and subsequently pardoned, or each of the following conditions exist:

(A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of the arrest.

*Id.* at art. 55.01(a). The petitioner has the burden of proving compliance with all of the statutory requirements. *Harris v. State,* 733 S.W.2d 710, 711 (Tex.App.—San Antonio 1987, no writ).

■ Moran contends he met his burden by filing a verified petition. Because the district attorney filed a general denial and appeared at the hearing, we disagree. "A general denial of matters pleaded ... shall be sufficient to put the same in issue...." TEX.R. CIV. P. 92. Because a general denial was filed, the allegations in Moran's petition were not evidence; instead, the allegations were put into issue and Moran was required to prove he met the statutory conditions. *See id.; Shell Chem. Co. v. Lamb,* 493 S.W.2d 742, 744 (Tex.1973).

### County of arrest

■ In its first point of error, DPS alleges the court erred in granting the expunction since there was no evidence establishing the county in which Moran was arrested. We find nothing in the record, other than the allegations contained in Moran's petition, indicating the county of arrest. Because Moran did not prove up the county of arrest as required by the statute, there is no evidence establishing that the county of arrest was Bexar County. We sustain DPS' first point of error.

### Article 55.01 & Deferred Adjudication

In its second, third, fourth, and fifth points of error, DPS challenges the court's expunging Moran's arrest record on the basis that Moran did not meet the requirements listed in article 55.01(a)(2).

Article 55.01(a)(2) requires three conditions to be met for Moran to be entitled to an expunction of the arrest. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2). The first condition requires the petitioner to prove that, if the arrest was for a felony, the indictment has not been presented, was dismissed for statutorily permissible reasons, or was void. *Id.* at art. 55.01(a)(2)(A). To fulfill the second requirement, the petitioner must show that (a) he has been released, (b) the charge, if any, has not resulted in a final conviction, (c) the charge is no longer pending, (d) there was no court ordered probation under TEX.CODE CRIM. PROC. ANN. art. 42.12, and (e) there was no conditional discharge under section 481.109 of the Health and Safety Code. *Id.* at art. 55.01(a)(2)(B). Under the third condition, the petitioner must show that he has not been convicted of a felony in the five years preceding the date of the arrest. *Id.* at art. 55.01(a)(2)(C). Only the second and third conditions are at issue since no indictment or information charging Moran with a felony was presented against him; he was charged with a misdemeanor.

Regarding the second and third requirements, DPS specifically challenges each element on sufficiency grounds. At the hearing, the only evidence produced was Moran's testimony; he testified that he was placed on deferred adjudication in 1991, he had to pay a fine and court costs, and he had never been convicted of a felony. Thus, Moran met his burden in proving he had not been convicted of a felony in the past five years. Regarding the lack of a final conviction on the assault offense, Moran never specifically testified that there was no final conviction; however, we may infer that the dismissal of the charge after completion of deferred adjudication probation necessarily implies that there was no final conviction on the assault charge. The record is silent with respect to the other essential elements he was required to prove. Nothing in the record established, either by evidence or reasonable inferences from the evidence, that Moran had been released or that he was not granted conditional discharge under the Controlled Substances Act.

Additionally, Moran did not prove that he had not been subject to court ordered probation, as required under the statute. Prior to the 1989 amendments to the Code of Criminal Procedure, article 55.01(a)(2)(B) mandated that in order for the petitioner to be entitled to an expunction, he had to prove he had not been placed on court ordered *supervision.* Act of May 27, 1979, 66th Leg., R.S., ch. 604, § 1, 1979 Tex. Gen. Laws 1333, 1333. In 1989, the legislature amended this section,

changing "court ordered supervision" to "court ordered *probation.*" Act of May 29, 1989, 71st Leg., R.S., ch. 803, § 1, 1989 Tex. Gen. Laws 3666, 3667. Cases interpreting the pre–1989 law held that deferred adjudication constituted court ordered supervision if, in placing the petitioner on deferred adjudication, the court ordered the petitioner to comply with various conditions detailed in the order granting the probation; thus, the petitioner could still expunge his arrest record if the underlying deferred adjudication order did not contain various conditions with which the petitioner was required to comply. *See Ex Parte P.D.H.*, 823 S.W.2d 791, 792–93 (Tex.App.—Houston [14th Dist.] 1992, no writ) (concluding, under pre–1989 law, deferred adjudication order imposing seven conditions on petitioner constituted court ordered supervision); *Texas Dep't of Pub. Safety v. P.E.*, 794 S.W.2d 604, 605–06 (Tex. App.—Austin 1990, no writ) (deciding case under pre–1989 amendments and finding petitioner not entitled to expunction since petitioner's deferred adjudication order contained various conditions such as avoiding alcohol, supporting dependents, and avoiding injurious habits); *State v. R.B.*, 699 S.W.2d 296, 298 (Tex.App.—Dallas 1985, no writ) (holding petitioner was entitled to expunge his arrest record since he was not under court ordered supervision in that he was not subjected to any explicit conditions of probation in deferred adjudication order); *Meyers v. State*, 675 S.W.2d 798, 799 (Tex.App.—Dallas 1984, no writ) (finding court ordered supervision encompassed order of deferred adjudication when order imposed conditions of probation).

Courts construing the statute after the 1989 amendments determined that deferred adjudication constitutes "court ordered probation" for purposes of article 55.01(a)(2)(B) and thus renders a defendant ineligible to expunge his arrest. *Texas Dep't of Pub. Safety v. Butler*, 941 S.W.2d 318, 321 (Tex. App.—Corpus Christi 1997, n.w.h.); *State v. Knight*, 813 S.W.2d 210, 212 (Tex.App.—Houston [14th Dist.] 1991, no writ). In *State v. Knight*, the Fourteenth Court of Appeals noted the different wording between the old and new versions of the statute and found that the earlier case law on "court ordered

supervision" is no longer valid. *Knight*, 813 S.W.2d at 212. The court held that "court ordered probation" encompasses deferred adjudication whether or not the trial court imposes explicit conditions on the petitioner. *Id.* The expunction statute was "not intended to allow a person who is arrested, pleads guilty to an offense, and receives probation after pleading guilty to expunge his record." *Id.; see also Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991).

██ We find the reasoning in *Knight* persuasive. Following the holdings in both *Knight* and *Butler*, we conclude deferred adjudication is court ordered probation regardless of Moran's testimony that he was not under any court-imposed conditions, other than paying a fine and court costs. Because Moran was under court ordered probation, he cannot meet the requirements under article 55.01(a)(2)(B) and is not entitled to an expunction.

We sustain DPS' first, second, fourth, and fifth points of error. Because these points are dispositive of the appeal, we do not address DPS' third, factual sufficiency point of error. The court's expunction order is reversed and judgment is rendered denying Moran's petition for expunction. Pursuant to DPS' request, we also order all documents that were turned over to the court or Moran be returned to the submitting agencies.