NUMBER 13-99-173-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


________________________________________________________________________


TEXAS DEPARTMENT OF PUBLIC SAFETY
, Appellant,


v.



DAVID ARMENDARIZ
, Appellee.

________________________________________________________________________


On appeal from the 107th District Court


of Cameron County, Texas.


________________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Yañez


Opinion by Chief Justice Seerden




 This is an appeal from the trial court's expunction order related to
the arrest of David Armendariz, appellee, on August 7, 1997.

 Armendariz was arrested for misdemeanor assault. Tex. Pen. Code
Ann. §22.01(a) (Vernon 1999). Armendariz pleaded no contest to the
charge on May 1, 1998, in county court at law number two of Cameron
County, and received deferred adjudication, which required him to,
among other things, report to a supervision officer. The deferred
adjudication extended from May 1, 1998 until November 1, 1998. On
September 18, 1998, Armendariz filed a Petition for Expunction of
Records in the 107th District Court of Cameron County. On October 28,
1998, the Cameron County District Attorney filed its original answer in
the proceeding, generally denying all of the allegations set forth in
Armendariz's petition. Similarly, on November 2, 1998, the Texas
Department of Public Safety ("TDPS"), appellant, filed its original
answer, also generally denying all of the allegations in Armendariz's
petition. A hearing on Armendariz's petition was held on January 25,
1999. At the conclusion of that hearing, the trial court signed an order
providing that any record of Armendariz's arrest be expunged.

 On March 5, 1999, the trial court filed its findings of fact and
conclusions of law. In pertinent part, the court found that it had
jurisdiction over the adjudication of Armendariz's petition; that
Armendariz went to court on the assault charge on May 1, 1998; and
that the county court at law number two of Cameron County dismissed
Armendariz's case on September 10, 1998. The court concluded that
Armendariz was wrongfully arrested in this case due to either an
accident or mistake and that Armendariz was not involved in the assault
which provided the basis for his arrest.

 The code of criminal procedure delineates the method by which
expunction may be accomplished. Article 55.01 of the code of criminal
procedure provides, in pertinent part:

 (a) A person who has been arrested for commission of either
a felony or misdemeanor is entitled to have all records and
files relating to the arrest expunged if:


 * * * 

 (2) each of the following conditions exist:


 (A) an indictment or information charging him
with commission of a felony has not been
presented against him for an offense arising out
of the transaction for which he was arrested or,
if an indictment or information charging him with
commission of a felony was presented, it has
been dismissed and the court finds that it was
dismissed because the presentment had been
made because of mistake, false information, or
other similar reason indicating absence of
probable cause at the time of the dismissal to
believe the person committed the offense or
because it was void; 


 (B) he has been released and the charge, if any,
has not resulted in a final conviction and is no
longer pending and there was no court ordered
probation under Article 42.12, Code of Criminal
Procedure, nor a conditional discharge under
Section 481.109, Health and Safety Code; and


 (C) he has not been convicted of a felony in the
five years preceding the date of the arrest.


Tex. Code Crim. Proc. Ann. art. 55.01 (Vernon 1999). 

 In its third and fourth issues, TDPS contends that article
55.01(a)(2)(B) precludes the possibility that an individual who has been
placed on deferred adjudication for an offense may subsequently have
his record expunged. See Tex. Code Crim. Proc. Ann. art 42.12, §5
(Vernon 1999). Several courts, including this one, have previously
concluded that deferred adjudication probation constitutes "court
ordered probation" for the purposes of article 55.01(a)(2)(B).(1) See Texas
Dept. of Pub. Safety v. Butler, 941 S.W.2d 318, 321 (Tex. App.--Corpus
Christi 1997, no writ); see also Texas Dept. of Pub. Safety v. Moran,
949 S.W.2d 523, 527 (Tex. App.--San Antonio 1997, no pet.); State v.
Knight, 813 S.W.2d 210, 212 (Tex. App.--Houston [14th Dist.] 1991, no
writ); Texas Dept. of Pub. Safety v. P.E., 794 S.W.2d 604, 608 (Tex.
App.--Austin 1990, no writ). This conclusion has obtained even when
the conditions of deferred adjudication probation are minimal. P.E., 794
S.W.2d at 608 (no requirement that petitioner report to probation officer
or pay monthly probation fee). A petitioner who has been placed on
deferred adjudication is not eligible for expunction. Butler, 941 S.W.2d
at 321.  Even after completing deferred adjudication probation and
obtaining the consequent dismissal, the bar to expunction persists. 
Harris County Dist. Attorney's Office v. J.T.S., 807 S.W.2d 572, 574
(Tex. 1991).

 Here, the record conclusively establishes that Armendariz was
placed on deferred adjudication. The record of the hearing on the
motion to expunge Armendariz's record shows that the county court at
law number two subsequently dismissed the charges against
Armendariz. Dismissal is concomitant with the imposition of deferred
adjudication. See Tex. Code Crim. Proc. Ann. art. 42.12, §5(c) (Vernon
1999) (upon completion of community supervision period, judge shall
dismiss the proceedings against the defendant and discharge him). We
find nothing in the record which vitiates the fact that Armendariz was
placed on court ordered probation, as that term is defined in article
55.01(a)(2)(B). We hold that Armendariz was not eligible for
expunction. TDPS's third, fourth, and fifth(2) issues are sustained.

 Furthermore, TDPS argues in its sixth and seventh issues that
there is no evidence in the record to substantiate the third evidentiary
element required for expunction: that the petitioner has not been
convicted of a felony in the five years preceding the date of the arrest. 
Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(C) (Vernon 1999). 
Expunction is a civil proceeding. Butler, 941 S.W.2d at 320. The
burden of proving all of the elements necessary for expunction falls on
the petitioner. Ex Parte Scott, 818 S.W.2d 226, 227 (Tex. App.--Corpus
Christi 1991, no writ). The record reflects that Armendariz included a
statement in his petition that he had met the requirement in subsection
(C), but all allegations in his petition were generally denied by the State. 
Tex. R. Civ. P. 92. At the expunction hearing, Armendariz did not
adduce any evidence to substantiate his pleadings on this matter. See
Tex. R. Civ. P. 92; Moran, 949 S.W.2d at 526. Thus, we find that there
was no evidence to show that Armendariz had not been arrested for a
felony offense in the five years preceding the date of the arrest for
which he seeks expunction. TDPS's sixth and seventh issues are also
sustained. 

 In a similar regard, by its first and second issues, TDPS argues
that Armendariz did not prove that the offense for which he was
arrested occurred in Cameron County, the county in which Armendariz
sought expunction. A petitioner who files for expunction under article
55.01(b) "may file an ex parte petition for expunction in a district court
for the county in which the person was arrested or in the county where
the offense was alleged to have occurred." Tex. Code Crim. Proc. Ann.
art. 55.02, §2(a) (Vernon 1999). In Moran, the court of appeals held
that a petitioner must prove the county of his arrest as one of the
elements required for expunction. Moran, 949 S.W.2d at 526. In that
case, Moran had filed a verified petition alleging that he was arrested
in Bexar County, but TDPS filed a general denial. Moran did not adduce
any further evidence regarding the county of his arrest and the court
held that he had failed to establish this element. Id. The present case
is indistinguishable from Moran in that regard. We sustain TDPS's first
and second issues. 

 In light of our holding, we need not reach TDPS's eighth issue
regarding notice of the January 25, 1999 hearing. Tex. R. App. P. 47.1. 

 The court's expunction order is REVERSED and judgment is
RENDERED denying Armendariz's petition for expunction. Pursuant to
DPS' request, we also order all documents that were turned over to the
court or Armendariz be returned to the submitting agencies. 


 

 ROBERT J. SEERDEN, Chief Justice



Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 27th day of July, 2000.

 

1. TDPS asserts in its fifth issue that, because Armendariz was
arrested after September 1, 1989, and assessed deferred adjudication
after that date, he is equally not eligible for expunction. This distinction
is important only because article 55.01 was revised on September 1,
1989 to include what is now section (a)(2)(B). See Texas Dept. of Pub.
Safety v. Moran, 949 S.W.2d 523, 527 (Tex. App.--San Antonio, 1997,
no pet.). The Moran court determined that the revised provisions of
article 55.01 make all persons placed on deferred adjudication after
September 1, 1989 automatically ineligible for expunction under the
now-current provisions of article 55.01. We have reached the same
conclusion. See Texas Dept. of Pub. Safety v. Butler, 941 S.W.2d 318,
321 (Tex. App.--Corpus Christi 1997, no writ). 
2. See supra note 1.