**The STATE of Texas, State,**

v.

**Mark Alan HERRON, Appellee.**

**No. 2–00–333–CV.**

Court of Appeals of Texas,
Fort Worth.

Aug. 9, 2001.

---

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant Criminal D.A., Chief of the Appellate Section, and Greg Pipes, Assistant Criminal D.A., Fort Worth, for appellant.

Perry L. Butler, Southlake, for appellee.

Panel B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

## OPINION

WALKER, Justice.

The 371st District Court in Tarrant County ordered arrest records concerning Mark Allen Herron ("Herron") expunged. The State appeals the expunction order, raising four issues. We will sustain the State's first issue, reverse the trial court's judgment, and render judgment denying Herron's petition for expunction.

## PROCEDURAL BACKGROUND

On July 16, 1993, pursuant to a plea bargain agreement, Herron pleaded guilty to simple assault, a class "C" misdemeanor. Pursuant to the plea agreement, the trial court placed Herron on deferred adjudication probation for four months.

Subsequently, on February 22, 2000, Herron filed a petition for expunction, requesting that all criminal records and files pertaining to his March 10, 1993 arrest be expunged. The trial court conducted a trial on July 10, 2000. Herron offered no evidence. The State argued that expunction was not proper.[1] The trial court granted Herron's petition for expunction. Neither party requested that the trial court make findings of fact or conclusions of law. The State timely filed a motion for new trial pointing out that "there was no evidence that the Petitioner met the requirement of having not been convicted in the 5 years preceding the arrest."

## STANDARD OF REVIEW

In a trial to the court where no findings of fact or conclusions of law are requested or filed, the trial court's judgment implies all findings of fact necessary to support it. *Pharo v. Chambers County,* 922 S.W.2d 945, 948 (Tex.1996). Where a reporter's record is filed, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence points. *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989). Where such points are raised, the applicable standard of review is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *Id.*

When the party *without* the burden of proof, the State in this case, challenges the *legal sufficiency* of the evidence to support unfavorable implied findings of fact, we apply a "no evidence" standard of review. *Gooch v. Am. Sling Co.,* 902 S.W.2d 181, 183–84 (Tex.App.—Fort Worth 1995, no writ). In determining a "no-evidence" point, we consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *Cont'l Coffee Prods. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996); *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). If more than a scintilla of evidence exists to support the finding, the legal sufficiency challenge fails. *Cazarez,* 937 S.W.2d at 450; *Leitch v. Hornsby,* 935 S.W.2d 114, 118 (Tex.1996).

We may sustain a "no-evidence" point only when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez,* 977 S.W.2d 328, 334 (Tex.1998) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex. L. Rev. 361, 362–63 (1960)). There is some evidence when the proof supplies a reasonable basis on which reasonable minds may reach different conclusions about the existence of the vital fact. *Orozco v. Sander,* 824 S.W.2d 555, 556 (Tex.1992).

---

1. The State asserted expunction was not available to Herron for two reasons: (1) because Herron's payment of a fine constituted a "final conviction" not subject to section 45.051 expunction; and (2) because chapter 45 applied only to cases originating in justice of the peace courts or municipal courts.

## EXPUNCTION UNDER ARTICLE 45.051

Expunction is generally understood to be the remedy for one wrongfully arrested. *See Harris County Dist. Attorney's Office v. J.T.S.,* 807 S.W.2d 572, 574 (Tex. 1991). However, in misdemeanor cases the legislature has expanded the scope of the remedy by allowing expunction in certain circumstances even after a plea of guilt. Article 45.051 of the Texas Code of Criminal Procedure provides, in pertinent part:

(a) On a plea of guilty or nolo contendere by a defendant or on a finding of guilt in a misdemeanor case punishable by fine only and payment of all court costs, the justice may defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period not to exceed 180 days.

. . . .

(c) At the conclusion of the deferral period, if the defendant presents satisfactory evidence that he has complied with the requirements imposed, the justice shall dismiss the complaint, and it shall be clearly noted in the docket that the complaint is dismissed and that there is not a final conviction. . . .

. . . .

(e) *Records relating to a complaint dismissed as provided by this article may be expunged under Article 55.01 of this code.* If a complaint is dismissed under this article, there is not a final conviction and the complaint may not be used against the person for any purpose.

TEX. CODE CRIM. PROC. ANN. art. 45.051 (Vernon Supp.2001) (emphasis added).

Article 55.01, in turn, provides:

(a) A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . . .

(2) each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 of this code; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2).

Although the statutory authority for expunction is set forth in the code of criminal procedure, an expunction proceeding is civil in nature, rather than criminal. *Tex. Dept. of Pub. Safety v. Katopodis,* 886 S.W.2d 455, 457 (Tex.App.—Houston [1st Dist.] 1994, no writ). The plaintiff seeking expunction bears the burden of proving compliance with the statute. *Tex. Dept. of Pub. Safety v. Six,* 25 S.W.3d 368, 369 (Tex.App.—Fort Worth 2000, no pet.) (recognizing that "[a]ppellee had the burden of proving his entitlement to expunction"). Expunction is only available when all the statutory conditions have been met. *Six,* 25 S.W.3d at 370; *State v. Gamble,*

692 S.W.2d 200, 202 (Tex.App.—Fort Worth 1985, no writ).

## LEGAL SUFFICIENCY OF THE EVIDENCE OF NO CONVICTIONS

 In its first point, the State claims that no evidence exists that Herron had not been convicted in the five years preceding his arrest.[2] Herron filed a verified petition for expunction swearing that he had "not been convicted of a felony in the five years preceding the date of arrest." In response to Herron's petition, the State filed a general denial of Herron's allegations and demanded "strict proof thereof." As previously mentioned, Herron offered no evidence at the hearing on his petition for expunction or at the hearing on the State's motion for a new trial.

Herron and the State agree that, pursuant to article 55.01(a)(2), Herron was required to establish that he had not been convicted of a felony in the five years preceding the date of the arrest. See Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). Herron claims his verified petition satisfied this requirement. The State, on the other hand, asserts Herron offered no evidence of this fact.

 In a civil case, a general denial puts a plaintiff on proof of every fact essential to his case. Tex.R. Civ. P. 92; see Shell Chem. Co. v. Lamb, 493 S.W.2d 742, 744 (Tex.1973); Boswell v. Handley, 397 S.W.2d 213, 216 (Tex.1965); Williamson v. New Times, Inc., 980 S.W.2d 706, 712 (Tex.App.—Fort Worth 1998, no pet.). This is true even in expunction cases. Tex. Dept. of Pub. Safety v. Moran, 949 S.W.2d 523, 526 (Tex.App.—San Antonio

1997, no writ). A verified pleading is generally not evidence. Laidlaw Waste Sys., Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex.1995).

In Moran, the court of appeals squarely rejected the proposition raised by Herron here: that in an expunction proceeding a verified petition pleading no convictions in the last five years constitutes evidence of this fact, even after the State files a general denial. The Moran Court explained:

> Moran contends he met his burden by filing a verified petition. Because the district attorney filed a general denial and appeared at the hearing, we disagree. "A general denial of matters pleaded ... shall be sufficient to put the same in issue...." Tex.R. Civ. P. 92. Because a general denial was filed, the allegations in Moran's petition were not evidence; instead, the allegations were put into issue and Moran was required to prove he met the statutory conditions.

Moran, 949 S.W.2d at 526; see also Ex parte Myers, 24 S.W.3d 477, 481 (Tex. App.—Texarkana 2000, no pet.) (holding allegation in plaintiff's expunction petition of no felony convictions in last five years did not constitute evidence of this fact); Ex parte Stiles, 958 S.W.2d 414, 422 (Tex.App.—Waco 1997, pet. denied) (recognizing plaintiff must present evidence establishing each statutory expunction requirement); Tex. Dept. of Pub. Safety v. Mendoza, 952 S.W.2d 560, 562 (Tex.App.—San Antonio 1997, no writ) (holding that allegations in expunction petition were not evidence and did not satisfy plaintiff's burden to prove statutory

---

2. The State's legal sufficiency point is preserved for our review because the complaint was brought to the trial court's attention and the State filed a complete reporter's record. See, e.g., Kissman v. Bendix Home Sys., 587 S.W.2d 675, 677–78 (Tex.1979); Regan v. Lee,

879 S.W.2d 133, 136 (Tex.App.—Houston [14th Dist.] 1994, no writ) (both recognizing that, following bench trial, legal sufficiency point is preserved if it is brought to trial court's attention and a complete statement of facts is presented to the appellate court).

compliance with expunction requirements).

The record before us reflects that Herron offered no evidence at the expunction hearing. The State offered one exhibit into evidence. The State's exhibit contained court documents concerning the disposition of the underlying offense. Considering only the evidence and inferences tending to support the trial court's implied finding that Herron had not been convicted of a felony in the five years preceding his arrest, and disregarding all evidence and inferences to the contrary, no evidence exists supporting the trial court's implied finding. The record discloses a complete absence of evidence of a vital fact. We sustain the State's first point.

Because the State's first point is dispositive, we decline to address the other points raised by the State. We reverse the trial court's judgment granting expunction and render judgment denying Herron's petition for expunction.