In the Matter of the EXPUNCTION OF A.R.

No. 08–05–00311–CV.

Court of Appeals of Texas, El Paso.

Aug. 17, 2006.

Frank D. Brown, Fort Stockton, for Appellant.

Dick Deguerin, Deguerin & Dickson, Houston, for Appellee.

Before McCLURE, J., CHEW, J., and GUADERRAMA, J. (GUADERRAMA, J. sitting by Assignment).

## OPINION

DAVID WELLINGTON CHEW, Justice.

This is an appeal from an expunction order granted in favor of A.R. In its sole issue, Appellant, the State of Texas, contends there is no evidence of the requirements of Article 55.01(a)(2)(C) and Article 55.01(a)(2)(A)(i) of the Texas Code of Criminal Procedure. We reverse the trial court's order and render judgment denying A.R.'s petition for expunction.

On May 19, 2005, A.R. filed a verified petition to expunge all records and files pertaining to and in connection with his arrest and charge on February 17, 2005 for the misdemeanor offense of violation of the Texas Open Meetings Act. *See* TEX. GOVT CODE ANN. § 551.144 (Vernon 2004). Appellant filed a general denial on August 1, 2005. The trial court conducted a hearing on the petition on August 5, 2005. At the hearing, the trial court took judicial notice of the proceedings in the underlying case, including the order granting the State's motion to dismiss the indictment. That motion recites that the State sought dismissal of the indictment in the case because a witness had changed his testimony concerning his receipt of an e-mail in contradiction to his testimony before the grand jury which returned the indictment. The underlying cause was dismissed on May 9, 2005.

At the hearing, A.R.'s counsel asserted that A.R.'s request for expunction was based on the ground that the reason for the dismissal included absence of probable cause at the time of the dismissal to believe A.R. had committed the offense. *See* TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(ii)(Vernon Supp.2006). Besides the record from the underlying case of which the trial court had taken judicial notice, A.R.'s counsel offered no other evidence at the hearing, but rather informed

the court that A.R. would rely on his petition to satisfy the other elements to show entitlement to expunction.

After the hearing, the trial court granted the expunction order on the same date. On August 15, 2005, the State requested findings of fact and conclusions of law. The trial court filed its findings of facts and conclusions of law on August 31, 2005, in which it found that each of the following conditions existed:

(A) An indictment or information charging [A.R.] with commission of a felony has not been presented;

(B) [A.R.] has been released and the charge did not result in a final conviction and is no longer pending and there was no court ordered community supervision; and

(C) [A.R.] has not been convicted of a felony in the five years preceding the date of the arrest herein.

The trial court concluded that A.R. was entitled to expunction pursuant to TEX. CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A), (B), & (C).

According to the record, after the trial court entered its findings of fact and conclusions of law, A.R. filed a sworn affidavit, attesting that he had never been convicted of any crime in Texas or any other state and had not been convicted of a felony in the five years preceding the filing of the underlying cause. On September 2, 2005, A.R. filed a motion requesting that the trial court admit into evidence his affidavit attesting to his lack of a criminal record. No ruling on A.R.'s motion to reopen evidence appears in the record before us.

On appeal, Appellant argues that the evidence in the record is legally insufficient to show strict compliance with Article 55.01(a)(2)(A)(i), because A.R. presented no evidence that the limitations period expired before the date the expunction petition was filed. Further, Appellant asserts that A.R. presented no evidence that he had not been convicted of a felony in the five years preceding the date of his arrest, as required under Article 55.01(a)(2)(C).

### Standard of Review

▮▮▮ In a bench trial, a legal sufficiency challenge to the trial court's findings of fact is reviewable under the same standard that is applied in reviewing evidence supporting a jury's answer. *In re Expunction of Ramirez*, 143 S.W.3d 856, 858 (Tex. App.-El Paso 2004, no pet.); *see also Catalina v. Blasdel*, 881' S.W.2d 295, 297 (Tex. 1994). In reviewing the legal sufficiency of the evidence, we view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005). If conflicting inferences can be drawn from the evidence, we must assume the trier of fact made all inferences in favor of the verdict if reasonable minds could, and disregarded all other inferences. *Id.* at 821. So long as the evidence falls within a zone of reasonable disagreement, we will not substitute our judgment for that of the trier-of-fact. *Wilson*, 168 S.W.3d at 822.

▮▮▮ Moreover, a no-evidence challenge will be sustained only when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex.2003). The evidence is no more than a scintilla "[w]hen the evidence offered to prove a vital fact is so

weak as to do no more than create a mere surmise or suspicion of its existence." *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983). More than a scintilla exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex.1994).

We review the trial court's conclusions of law *de novo. Dominguez v. Castaneda,* 163 S.W.3d 318, 325 (Tex.App.-El Paso 2005, pet. denied); *Fidelity & Cas. Co. of New York v. Hailes,* 969 S.W.2d 123, 124 (Tex.App.-El Paso 1998, pet. denied).

*Right to Expunction under Article 55.01*

The right to expunction is a statutory privilege. *In the Matter of Wilson,* 932 S.W.2d 263, 265 (Tex.App.-El Paso 1996, no writ). In a statutory cause of action, all provisions are mandatory and exclusive and a person is entitled to expunction only when all of the conditions have been met. *Texas Dept. of Public Safety v. Wallace,* 63 S.W.3d 805, 806 (Tex. App.-Austin 2001, no pet.); *Matter of Wilson,* 932 S.W.2d at 266. An expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the statute rests with the petitioner. *Houston Police Department v. Berkowitz,* 95 S.W.3d 457, 460 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Matter of Wilson,* 932 S.W.2d at 266.

Article 55.01 of the Texas Code of Criminal Procedure allows a party who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor to obtain an expunction if certain statutory requirements are met. *See* Tex.Code Crim.Proc.Ann. art. 55.01(a). One such requirement when the underlying charge is a misdemeanor is to show that the person seeking an expunction has not been convicted of a felony in the five years preceding the date of the arrest. *See* TEX.CODE CRIM.PROC. ANN. art. 55.01(a)(2)(C).

In this case, A.R. introduced no evidence at the hearing to show that he had not been convicted of a felony in the five years preceding the date of arrest. Rather, he relied on his verified petition, in which he stated "he has never ever been convicted of a felony in the five (5) years preceding the date of the filing of this complaint, which was on or about June 5, 2003." *See* TEX.CODE CRIM.PROC. ANN. art. 55.02, 2(b)(Vernon Supp.2006). Appellant, however, filed a general denial pursuant to TEX.R.CIV.P. 92. Consequently, Appellant's general denial put into issue the allegations in A.R.'s petition and A.R. was required to prove he met the statutory conditions required under Article 55.01(a)(2). *See Tex. Dept. of Public Safety v. Moran,* 949 S.W.2d 523, 526 (Tex. App.-San Antonio 1997, no writ), *citing Harris v. State,* 733 S.W.2d 710, 711 (Tex. App.-San Antonio 1987, no writ); *Shell Chem. Co. v. Lamb,* 493 S.W.2d 742, 744 (Tex.1973).

A.R. asserts that the affidavit he filed after the expunction order was granted, established that he had never been convicted of a felony. A.R. claims that his affidavit was evidence in support of Article 55.01(a)(2)(C) because it was filed on the same day that the trial court entered its findings of fact and conclusions of law, which were entered while the court still possessed plenary power, and that on appeal, we must presume that the trial court reopened the evidence to allow the admission of his affidavit.[1] During oral argu-

---

1. A.R. also claims that Appellant was required to object to the trial courts findings of fact

and conclusions of law in order to raise its no-evidence complaint for the first time on

ment, A.R.'s counsel explained that the affidavit and proposed findings and conclusions were mailed together on Friday August 26 and were to be signed on August 29. Inexplicably, the findings and conclusions were file-stamped before the affidavit, even though the documents were filed the same day on August 31. However, we must review the case based on the record before us, which indicates that the trial court entered its findings of fact and conclusions of law before A.R. filed his affidavit and two days before A.R. filed his motion to reopen the evidence. There is nothing in the record that indicates the trial court considered A.R.'s motion to admit his affidavit into evidence and granted the same. A.R. cites no authority that supports his contention that on appeal, this Court must presume the trial court reopened the evidence after granting the expunction order and admitted A.R.'s affidavit concerning the lack of a criminal record. Because the affidavit was not admitted into evidence, we cannot consider it on appeal. *See Noble Exploration, Inc. v. Nixon Drilling Co., Inc.,* 794 S.W.2d 589, 592 (Tex.App.-Austin 1990, no writ).

After reviewing the record, we conclude there is no evidence to support the trial court's finding that A.R. had not been convicted of a felony in the five years preceding the date of arrest. Thus, the evidence before the trial court was legally insufficient to support the expungement order based on A.R.'s failure to prove that he satisfied the statutory requirements pursuant to Article 55.01(a)(2)(C). We sustain Appellants sole issue for review.[2]

appeal. TEX.R.APP.P. 33.1(d), however provides that in a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence may be made for the first time on appeal in the complaining party's brief. *See* TEX.R.APP.P. 33.1(d).

**2.** Because A.R.'s failure to prove he had met the statutory requirement for expunction un-

We reverse the trial courts order of expunction and render judgment denying A.R.'s petition for expunction.

der Article 55.01(a)(2)(C) is dispositive of this appeal, there is no need to consider Appellant's second contention, that is, that there was no evidence that the limitations period expired before the date the expunction petition was filed. *See* TEX.CODE CRIM.PROC. ANN. art. 55.01(a)(2)(A)(i).