# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00518-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Sam Sorrell, Appellee**

### FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT
### NO. 2005069, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety appeals the district court's order granting expunction of records concerning Sam Sorrell's arrest for burglary of a building. *See* Tex. Penal Code Ann. § 30.02 (West 2003). The DPS contends that Sorrell failed to produce evidence that he had not been convicted of a felony in the five years previous to his arrest. We sustain the DPS's point on appeal, reverse the judgment of the district court, and render judgment denying expunction.

On April 26, 2005, Sorrell filed a petition for expunction of his criminal record arising out of his March 18, 1985 arrest for burglary. The DPS answered with an affirmative defense, special exceptions, and a general denial. A hearing was held on June 13, 2005, before Judge Karl Prohl. The DPS appeared at this hearing, but the hearing was recessed to allow Judge Murray Jordan to hear the matter because he had originally presided over the deferred adjudication and plea agreement for the 1985 charge. On June 16, 2006, a second hearing on the

expunction was held before Judge Jordan. However, neither the DPS nor any other respondent appeared. The district court entered an order expunging all files and records concerning Sorrell's arrest from each named respondent.

A person is entitled to an expunction under article 55.01(a)(2) of the code of criminal procedure only when all statutory requirements have been satisfied. *See Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). Subsection (C) of article 55.01(a)(2) requires that Sorrell not have been "convicted of a felony in the five years preceding the date of the arrest." Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(C) (West 2006). Sorrell carries the burden of proving compliance with this statutory requirement. *See Heine*, 92 S.W.3d at 646. The DPS contends that Sorrell failed to produce any evidence that he had not been convicted of a felony in the five years previous to his arrest. If more than a scintilla of evidence exists to support the trial court's finding of compliance with article 55.01(a)(2)(C), the DPS's no-evidence challenge fails. *See Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 552 (Tex. 2004).

Sorrell alleged in his petition that he had not been convicted of a felony in the five years preceding the date of his arrest. However, the DPS answered with a general denial. When a party files a general denial in the trial court, the plaintiff is put to proof on all issues alleged in his petition. *See* Tex. R. Civ. P. 92; *Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001). Accordingly, Sorrell was required to prove compliance with subsection (C) of article 55.01(a)(2). *See In re Expunction of A.R.*, 225 S.W.3d 643, 646 (Tex. App.—El Paso 2006, no pet.). Sorrell introduced no evidence on this issue at the June 16, 2006 hearing. Therefore, the record discloses a complete absence of evidence of a vital fact, and Sorrell has not met his burden of proving compliance with

article 55.01(a)(2). *See id.* at 646-47 (holding that petition for expunction should be denied where petitioner alleged compliance with article 55.01(a)(2)(C) in his petition, State filed a general denial, and petitioner failed to introduce evidence demonstrating compliance with article 55.01(a)(2)(C)); *Ex parte Jackson*, 132 S.W.3d 713, 716 (Tex. App.—Dallas 2004, no pet.); *Texas Dep't of Pub. Safety v. Claudio*, 133 S.W.3d 630, 632-33 (Tex. App.—Corpus Christi 2002, no pet.); *State v. Herron*, 53 S.W.3d 843, 847-48 (Tex. App.—Fort Worth 2001, no pet.); *Ex parte Myers*, 24 S.W.3d 477, 481 (Tex. App.—Texarkana 2000, no pet.).

The district court erred in granting Sorrell's petition for expunction on this record. We reverse the district court's order granting expunction and render judgment denying Sorrell's petition for expunction.[1]

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Reversed and Rendered

Filed: December 19, 2008

_____

[1] The DPS asserts two additional points on appeal: (1) Sorrell failed to prove that there was no court ordered probation, in accordance with subsection (B) of article 55.01(a)(2); and (2) the court failed to give reasonable notice of the June 16, 2006 expunction hearing. Because the absence of evidence on subsection (C) of article 55.01(a)(2) is dispositive, we need not reach the remaining points on appeal.