# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00164-CV

**The State of Texas, Appellant**

**v.**

**M. R., Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. D-1-EX-09-000652, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellee M. R. filed a petition seeking the expunction of all records related to his 2003 arrest for driving while intoxicated. The State filed a general denial and special exceptions, and M. R. filed an amended petition in response. After a hearing, the trial court signed an order granting M. R.'s expunction request. The State appeals, arguing in three issues that the trial court's order was erroneous. We reverse the trial court's order and render judgment denying M. R.'s petition for expunction.

## Standard of Review

In the State's first issue, it asserts there is no evidence to support the trial court's expunction order, raising a challenge to the legal sufficiency of the evidence. *See Houston Police Dep't v. Berkowitz*, 95 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). We conduct a legal-sufficiency review by viewing the evidence in the light most favorable to the trial

court's findings, crediting favorable evidence if a reasonable fact-finder could have done so and disregarding contrary evidence unless a reasonable fact-finder could not have done so. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *In re Expunction of A.R.*, 225 S.W.3d 643, 645 (Tex. App.—El Paso 2006, no pet.). A person who has been arrested for a crime may seek to have the records of his arrest and any charges expunged if he meets the statutory requirements set out in the code of criminal procedure. *See* Act of May 31, 2009, 81st Leg., R.S., ch. 1103, §17(b), 2009 Tex. Gen. Laws 3010, 3019-20 (amended 2011) (current version at Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (West Supp. 2011)).[1] Expunction is a statutory privilege, and the person seeking expunction bears the burden of showing he has satisfied all necessary statutory conditions. *A.R.*, 225 S.W.3d at 646; *see Berkowitz*, 95 S.W.3d at 460-61; *Texas Dep't of Pub. Safety v. Wallace*, 63 S.W.3d 805, 806 (Tex. App.—Austin 2001, no pet.). The statute requires strict compliance, and courts do not have the equitable power to expunge records. *Berkowitz*, 95 S.W.3d at 460.

## Discussion

In its first issue, the State argues that M. R. did not prove that he had not been convicted of a felony within the five years before his arrest, one of the elements required to be proven before he can show himself entitled to expunction.[2] *See* Act of May 31, 2009, 81st Leg., R.S., ch. 1103, §17(b), 2009 Tex. Gen. Laws at 3019-20 (amended 2011) (if indictment or information is presented and later quashed or dismissed, petitioner must prove (1) charge dismissed or quashed

---

[1] M. R.'s arrest took place in 2003, and the statute has since been amended. We will cite to the version of the statute that was applicable to M. R.'s arrest.

[2] M. R. did not respond to this issue in his appellate brief.

because of lack of probable cause or because indictment or information was void; (2) person was released, charge did not result in final conviction, charge no longer pending, and no community supervision was ordered for offense other than Class C misdemeanor; and (3) person was not convicted of felony within five years before arrest). We agree.

In his verified petition, M. R. stated that he had not been convicted of a felony in the five years before the arrest. In response, the State entered a general denial, stating that it denied "each and every allegation in the petition and respectfully demand[ed] strict proof thereof." The State also specially excepted that M. R.'s petition "does not plead all elements of the cause of action," specifically arguing that M. R. had not alleged that he had not been placed on community supervision. M. R. then filed an amended petition, in which he again stated he had "not been convicted of a felony in the five years preceding the date of the arrest."

Although M. R. filed a verified petition alleging he had not been convicted within the five years before his arrest, the State filed a general denial, requiring M. R. to prove each element of his expunction claim. *See A.R.*, 225 S.W.3d at 646; *State v. Herron*, 53 S.W.3d 843, 847 (Tex. App.—Fort Worth 2001, no pet.); *Ex parte Myers*, 24 S.W.3d 477, 481 (Tex. App.—Texarkana 2000, no pet.); *Texas Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 526 (Tex. App.—San Antonio 1997, no writ).[3] At the hearing on his petition, M. R. did not present any testimony or other evidence.

---

[3] *See also Texas Dep't of Pub. Safety v. Sorrell*, No. 03-06-00518-CV, 2008 Tex. App. LEXIS 9488, at *3 (Tex. App.—Austin Dec. 19., 2008, no pet.) (mem. op.) ("When a party files a general denial in the trial court, the plaintiff is put to proof on all issues alleged in his petition."); *Texas Dep't of Pub. Safety v. Borhani*, No. 03-08-00142-CV, 2008 Tex. App. LEXIS 7509, at *9-10 (Tex. App.—Austin Oct. 3, 2008, no pet.) (mem. op.) ("The allegations alone in a verified petition, after being put in issue by a general denial, do not constitute proof of those allegations.").

The only evidence admitted was four documents presented by the State. Therefore, M. R. did not present any evidence to support his assertion that he had not been convicted of a felony within the five years before he was arrested. *See A.R.*, 225 S.W.3d at 646-47; *Herron*, 53 S.W.3d at 847-48; *Myers*, 24 S.W.3d at 481. Because "[t]he record discloses a complete absence of evidence of a vital fact," the trial court erred in granting M. R.'s expunction request. *See Herron*, 53 S.W.2d at 848.

## Conclusion

We sustain the State's first issue. We reverse the trial court's order of expunction and render judgment denying M. R.'s petition for expunction. *See A.R.*, 225 S.W.3d at 647; *Herron*, 53 S.W.2d at 845, 848; *Myers*, 24 S.W.3d at 481; *Moran*, 949 S.W.2d at 527. Because the State's first issue is dispositive of the case, we need not decide the other two issues.

_____

David Puryear,  Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Reversed and Rendered

Filed:  March 27, 2012

4