TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Angel L. CLAUDIO, Appellee.

No. 13–01–014–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Dec. 19, 2002.

Santos Maldonado, Jr., Edinburg, for appellee.

Before Justices DORSEY, YAÑEZ, and RODRIGUEZ.

## OPINION ON MOTION FOR REHEARING

Opinion by Justice DORSEY.

Appellant, the Texas Department of Public Safety's, motion for rehearing is GRANTED, the Court's original opinion is withdrawn, and the following opinion is substituted in its place.

The Texas Department of Public Safety appeals the order of expunction by the 275th Judicial District Court of Hidalgo County on the grounds that: 1) the appellee produced no evidence to prove that he had not been convicted of a felony in the five years preceding his arrest; and 2) the trial court failed to file findings of fact and conclusions of law after timely requested. Because we find insufficient evidence to support the trial court's order of expunction, we reverse and render judgment denying Claudio's petition for expunction.

### BACKGROUND

Appellee, Angel L. Claudio, was arrested on April 2, 1993, for indecency with a child and was indicted for this offense on August 1, 1996. The 275th Judicial District Court dismissed the indictment on May 14, 1997, and appellee was not later re-indicted. Appellee then filed a petition for expunction of his prior arrest and indictment records that was granted on October 5, 2000. That expunction order is the subject of this appeal.

### JURISDICTION

First, appellee argues that this Court is without jurisdiction over this appeal because the appellant's brief was not

J. Frank Davis, Austin, for appellant.

timely filed. Appellant's filing of a request for findings of fact and conclusions of law allotted appellant ninety days to file his notice of appeal. *See* TEX.R.APP. P. 26.1(a)(4). Therefore, since the order was signed on October 5, 2000, appellant's notice of appeal was due on or before January 3, 2001. The Texas Rules of Appellate Procedure allow timely filing by mail. *See* TEX.R.APP. P. 9.2(b)(1)(A-C). A document is considered timely filed if: A) it was sent to the proper clerk of by the United States Postal Service first-class, express, registered, or certified mail; B) it was placed in an envelope properly addressed and stamped; and C) it was deposited in the mail on or before the last day for filing. *Id.* Therefore, although appellant's notice of appeal was file-marked on January 5, 2001, appellant provided a receipt for certified mail showing the notice was mailed on December 27, 2000. *See* TEX.R.APP. P. 9.2(b)(2). The notice was timely mailed and filed pursuant to TEX.R.APP. P. 9.2(b)(1)(A-C). We have jurisdiction.

### FAILURE OF APPELLEE TO PRESENT TESTIMONIAL EVIDENCE

■ Appellant argues that the trial court should not have granted the petition for expunction because appellee failed to submit evidence meeting the requisites for the right to expunction, i.e. that he had not been convicted of a felony during the five years preceding the April 1, 1993, arrest. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(C) (Vernon Supp.2002).

The parties appeared before the court on August 14, 2000, and the court requested that the parties submit briefs supporting their arguments. The trial court made its ruling on August 21, 2000, without entry of a final order.

The court held another hearing on October 5, 2000, after appellant filed a motion for rehearing. The court granted appellee's request to take judicial notice of all the documents in the court's file in ruling on the petition for expunction and signed the order granting appellee's petition for expunction on October 5, 2000. Appellant now challenges this order on grounds that there is no evidence to support it.

■ When we review a no evidence issue, we must view the evidence in a light that tends to support the finding of the disputed fact and disregard all evidence and inferences to the contrary. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634–35 (Tex.1986); *Texas Dept. of Public Safety v. Williams,* 76 S.W.3d 647, 650 (Tex.App.-Corpus Christi 2002, no pet.).

At issue is whether the appellee introduced evidence that he had not been convicted of a felony in the five years preceding the arrest he seeks to expunge. The trial court took judicial notice of the documents in the court's file, including appellee's petition and sworn affidavit that stated that he had not been convicted of a felony within the five years preceding the April 1993 arrest. However, nothing was ever introduced into evidence at the hearing. The question becomes whether the court taking judicial notice of the contents of the official case file transforms its contents into evidence, so that the verified petition of appellee becomes proof that he had indeed not been convicted of a felony as required by the expunction statute.

Both appellant Department of Public Safety and the Hidalgo County Criminal District Attorney's Office filed general denials to appellee's original petition. Such an answer is sufficient to put the matter at issue. Tex.R. Civ. P. 92. Once the matter is in issue and the plaintiff's averments challenged, the plaintiff must present evidence to substantiate his pleadings in order to prevail.

■ The appellee alleged in his petition that he has not been convicted of a

felony within five years prior to his arrest that he wants expunged. That assertion is challenged by the general denial of defendants. Texas Rule of Evidence 201(b) allows a court to take judicial notice of facts that are not subject to reasonable dispute. Tex.R. Evid.201(b); *Office of Pub. Util. Counsel v. P.U.C.*, 878 S.W.2d 598, 600 (Tex.1994). Claudio's assertion that he had not been convicted of a felony in the five years preceding this arrest is disputed by the general denial and is not generally known nor capable of ready determination. It is therefore not a proper subject for judicial notice. A court may property take judicial notice of pleadings that have been filed. However, a court may not take the allegations in the pleadings to be true absent testimony, other proof, or admissions by the other party. *See Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex.App.-Austin 1994, no writ); *See Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 543 (Tex.1971). The allegations in a verified petition, after being put in issue by a general denial, do not constitute proof of those allegations. The court taking judicial notice of the contents of the file does not elevate those averments into proof. *See Texas Department of Public Safety v. Williams*, 76 S.W.3d 647, 651 (Tex.App.-Corpus Christi 2002, no pet.)(holding that judicial notice of pleadings was insufficient evidence to support element of expunction).

We reverse and render.