

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00084-CV

EX PARTE B.B.

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 16-06070-16

----------

## MEMORANDUM OPINION[1]

----------

The Texas Department of Public Safety brings this restricted appeal from an order granting B.B.'s petition to expunge certain records related to his March 5, 2012 arrest. In four issues, DPS argues that the trial court erred by expunging B.B.'s arrest record because (1) he was placed on community supervision for an offense arising from that arrest, (2) the evidence was legally insufficient to support the expunction order, (3) the trial court did not hold a hearing, and

---

[1]*See* Tex. R. App. P. 47.4.

(4) even if it had held a hearing, no reporter's record was prepared. Because, based on DPS's second issue, B.B. failed to prove that he is entitled to have his arrest record expunged, error is apparent on the face of the record. We will therefore reverse and render judgment denying B.B.'s expunction petition.

## I. Background

B.B. was arrested on March 5, 2012, for possession of a controlled substance and was subsequently charged with possession of a dangerous drug (Promethazine) and possession of two ounces or less of marihuana. Tex. Health & Safety Code Ann. §§ 481.121(a), (b)(1), 483.001(2)(A), 483.041(a) (West 2017).[2] The dangerous-drug-possession charge was dismissed. B.B. pleaded nolo contendere to the marihuana-possession charge. The trial court deferred adjudicating his guilt and placed him on community supervision for 20 months.

On August 2, 2016, B.B. filed a verified expunction petition, in which he sought expunction of all records and files related to his March 5, 2012 arrest, asserting that he was entitled to expunction because the dangerous-drug-possession charge had been dismissed, he had been released, he was not convicted or placed on court-ordered supervision as a result of the arrest, there

---

[2]We cite to the current versions of sections 483.001 and 483.041. The versions of these sections in effect at the time of B.B.'s arrest were later amended, but these amendments do not affect this case. *See* Act of May 25, 2005, 79th Leg., R.S., ch. 1240, § 54, 2005 Tex. Gen. Laws 3995, 4006 (amended 2013) (current version at Tex. Health & Safety Code Ann. § 483.001); Act of May 21, 2009, 81st Leg., R.S., ch. 303, § 2, 2009 Tex. Gen. Laws 822, 825 (amended 2015) (current version at Tex. Health & Safety Code Ann. § 483.041).

were no charges arising out of the arrest currently pending against him, he was not released on a conditional discharge under the Controlled Substances Act, and he had not been convicted of a felony in the five years before his arrest. That same day, the trial court set the expunction petition for hearing on September 14, 2016.

DPS answered, generally denying B.B.'s allegation and specifically asserting that B.B. was not entitled to expunction of any records relating to his March 5, 2012 arrest because the trial court placed B.B. on court-ordered supervision for the marihuana-possession charge that also arose from that arrest. DPS attached to its answer the complaint and information for both charges and the trial court's "Order Granting Deferred Adjudication" for the marihuana-possession charge.

Following a hearing at which DPS did not appear, the trial court granted B.B.'s petition and signed an expunction order on September 14, 2016.[3] DPS timely filed a notice of restricted appeal with this court on March 14, 2017.[4] *See* Tex. R. App. P. 26.1(c).

---

[3]According to the expunction order, the trial court did not consider any evidence in granting B.B.'s expunction petition. The order states that the trial court "heard" the petition and that the trial court expunged B.B.'s March 5, 2012 arrest record based on the petition. We have no record of the hearing; the court reporter notified this court that he could not find any records in this case.

[4]To perfect its appeal, DPS was required to file its notice of restricted appeal with the trial-court clerk. *See* Tex. R. App. P. 25.1(a). DPS mailed its notice to the Denton County District Clerk on March 14, 2017, and it was file-stamped March 17, 2017. In another case before this court, a representative from

3

## II. Expunction

In its second issue, which is dispositive, DPS asserts that the trial court erred by granting B.B.'s expunction petition because he did not present any evidence proving that he was entitled to expunction under article 55.01(a)(2), rendering the evidence legally insufficient to support the trial court's order.[5] *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (West 2018)

### A. Restricted-appeal requirements and standard of review

To prevail in its restricted appeal, DPS must show that (1) it filed its notice of appeal within six months after the complained-of judgment or order was signed; (2) DPS was a party to the underlying suit but did not participate in the hearing that resulted in the complained-of judgment; (3) DPS did not timely file a postjudgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted by appellate-procedure rule 26.1(a); and (4) the complained-of error is apparent from the face of the record. *See* Tex.

---

the Denton County District Clerk's Office informed us that if a case is expunged, it no longer exists in the system and thus a notice of appeal cannot be electronically filed in that case. *See Ex parte K.K.*, No. 02-17-00158-CV, 2018 WL 1324696, at *1 n.4 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.) (mem. op.) (citing Tex. R. Civ. P. 21(f)(4)(B)(ii), which provides exceptions from the electronic-filing requirements and states that "documents to which access is otherwise restricted by law or court order" must not be electronically filed). Under the mailbox rule, DPS's notice was deemed filed on March 14, 2017. *See* Tex. R. Civ. P. 5. Additionally, when a party mistakenly files a notice of appeal with the appellate court—which DPS did electronically in this court on March 14, 2017— the notice is deemed to have been filed the same day with the trial-court clerk. *See* Tex. R. App. P. 25.1(a).

[5]B.B. has not filed a brief.

R. App. P. 26.1(c), 30; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *Mandel v. Lewisville ISD*, 445 S.W.3d 469, 474 (Tex. App.—Fort Worth 2014, pet. denied); *see also Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 381 (Tex. App.—Fort Worth 2005, pet. denied) (op. on reh'g) (stating that restricted-appeal requirements should be "liberally construed in favor of the right to appeal"). For restricted-appeal purposes, the face of the record consists of all papers on file in the appeal, including the clerk's record and the reporter's record. *Chen v. Johnson*, No. 02-12-00428-CV, 2013 WL 2339233, at *1 (Tex. App.—Fort Worth May 30, 2013, no pet.) (mem. op.) (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)).

We review a trial court's order granting or denying an expunction petition for an abuse of discretion. *Ex parte Cephus*, 410 S.W.3d 416, 418 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it fails to analyze or apply the law correctly. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). If an expunction turns on a legal question, we review the ruling de novo because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 478 (Tex. App.—San Antonio 2013, no pet.).

In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and must disregard contrary evidence unless a

5

reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). We may sustain a legal-sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Ford Motor Co. v. Castillo*, 444 S.W.3d 616, 620 (Tex. 2014) (op. on reh'g); *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999).

**B. Governing law**

Expunction is not a constitutional or common-law right but, rather, a statutory privilege. *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.) (op. on reh'g). The Texas Code of Criminal Procedure governs a petitioner's entitlement to expunction. *See* Tex. Code Crim. Proc. Ann. art. 55.01. The petitioner in an expunction proceeding has the burden of proving compliance with all statutory requirements and is entitled to expunction only when he has met all those conditions. *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.).

Article 55.01 states, in relevant part, as follows:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

6

. . . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i) has not been presented against the person at any time following the arrest, and:

(a) at least 180 days have elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a Class C misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested;

(b) at least one year has elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a Class B or A misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested;

(c) at least three years have elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a felony or if there was a felony charge arising out of the same transaction for which the person was arrested; or

(d) the attorney representing the state certifies that the applicable arrest records and

7

files are not needed for use in any criminal investigation or prosecution, including an investigation or prosecution of another person; or

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void; or

(B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2).[6]

## C. Analysis

The record establishes that DPS timely filed a notice of restricted appeal; was a party to the underlying lawsuit; did not participate in the hearing that

---

[6]Effective January 1, 2017, and September 1, 2017, the legislature amended article 55.01(a) in 2015 and 2017. *See* Act of May 24, 2017, 85th Leg., R.S., ch. 693, § 1, art. 55.01(a), 2017 Tex. Sess. Law Serv. 3083, 3083–84 (West); Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 2.23, art. 55.01(a), 2015 Tex. Sess. Law Serv. 2320, 2372–73 (West). Because B.B. filed his expunction petition before these amendments were effective, our citations to article 55.01(a)'s language are to the version effective September 1, 2011. *See* Act of May 27, 2011, 82d Leg., R.S., ch. 690, § 1, art. 55.01, 2011 Tex. Sess. Law Serv. 1651, 1651–52 (West) *and* Act of May 27, 2011, 82d Leg., R.S., ch. 894, § 1, art. 55.01, 2011 Tex. Sess. Law Serv. 2274, 2274–75 (West) (amended 2015 and 2017) (current version at Tex. Code Crim. Proc. Ann. art. 55.01). We note, however, that the 2015 and 2017 amendments do not affect the substance of the language relevant to B.B.'s right to expunction.

8

resulted in the trial court's expunction order;[7] and did not file any postjudgment motions, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted by rule 26.1(a). *See* Tex. R. App. P. 26.1(a), (c), 30; *Lejeune*, 297 S.W.3d at 255. We must therefore determine whether error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Lejeune*, 297 S.W.3d at 255.

In his verified expunction petition, B.B. asserted that he was entitled to expunction because the dangerous-drug-possession charge was dismissed, he was released from custody, there were no charges arising out of the arrest currently pending against him, and he was not convicted or placed on court-ordered supervision because of the arrest. DPS's general denial in response sufficed to put these matters at issue. *See* Tex. R. Civ. P. 92; *State v. Herron*, 53 S.W.3d 843, 847 (Tex. App.—Fort Worth 2001, no pet.) ("In a civil case, a general denial puts a plaintiff on proof of every fact essential to his case. This is true even in expunction cases. A verified pleading is generally not evidence." (citations omitted)). "Once the matter is in issue and the petitioner's allegations are controverted, the petitioner must present evidence to substantiate his pleadings in order to prevail." *Tex. Dep't of Pub. Safety v. Borhani*, No. 03-08-00142-CV, 2008 WL 4482676, at *4 (Tex. App.—Austin Oct. 3, 2008, no pet.)

---

[7]"Numerous appellate courts, including this court, have impliedly or explicitly held that an answer from DPS does not constitute participation in the hearing that resulted in the expunction order and thus does not bar DPS from pursuing a restricted appeal." *K.K.*, 2018 WL 1324696, at *2 n.6 (citing cases).

(mem. op.) (citing *Tex. Dep't of Pub. Safety v. Claudio*, 133 S.W.3d 630, 632–33 (Tex. App.—Corpus Christi 2002, no pet.) (op. on reh'g)). The trial court cannot take the petitioner's allegations to be true without testimony, other proof (such as affidavits), or admissions by the other party. *Id.* (citing *Claudio*, 133 S.W.3d at 632–33). "The allegations alone in a verified petition, after being put in issue by a general denial, do not constitute proof of those allegations." *Id.*

To be entitled to expunction under article 55.01(a)(2), B.B. had the burden to prove that he satisfied all the article's requirements. *See McCarroll*, 86 S.W.3d at 378. Once DPS's answer put B.B.'s right to expunction under article 55.01(a)(2) at issue, B.B. had to present evidence proving his right to expunction. *See Bohrani*, 2008 WL 4482676, at *4; *Claudio*, 133 S.W.3d at 632–33.

The face of the record reflects that B.B. offered no evidence to support his expunction petition. As noted, the expunction order reflects that the trial court did not consider any evidence in granting B.B's petition. The order states that the trial court expunged records and files related to B.B.'s March 5, 2012 arrest based only on his petition. And we have no record of the hearing, if any, as the court reporter notified us that he could not "find[] any records in this case." We therefore conclude that, on this record, the evidence is legally insufficient to support the trial court's order granting B.B.'s expunction petition. Because error appears on the face of this record, we sustain DPS's second issue. And because this issue is dispositive, we need not address its remaining issues. *See* Tex. R. App. P. 47.1.

10

### III. Conclusion

Having sustained DPS's second issue, which is dispositive of this appeal, we reverse the trial court's expunction order and render judgment denying B.B.'s expunction petition. *See* Tex. R. App. P. 43.2(c); *Tex. Dep't of Pub. Safety v. Sorrell*, No. 03-06-00518-CV, 2008 WL 5264917, at *2 & n.1 (Tex. App.—Austin Dec. 19, 2008, no pet.) (mem. op.); *Herron*, 53 S.W.3d at 848. All documents that were turned over to the trial court or to B.B. by law-enforcement agencies in compliance with the expunction order must be returned to the submitting agencies. *See K.K.*, 2018 WL 1324696, at *4; *Ex parte B.M.*, No. 02-14-00336-CV, 2015 WL 3421979, at *2 (Tex. App.—Fort Worth May 28, 2015, no pet.) (mem. op.).

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  SUDDERTH, C.J.; GABRIEL and KERR, JJ.

DELIVERED:  July 12, 2018