

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00162-CV

_____

EX PARTE D.T.

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2019-537,717; Honorable Jim Bob Darnell, Presiding

October 18, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

The Texas Department of Public Safety brings this restricted appeal[1] of the trial court's order granting the petition for expunction filed by appellee, D.T. According to the Department, the trial court erred in granting the expunction because D.T.'s case is

---

[1] *See* TEX. R. APP. P. 30. This rule provides as follows:

A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a post-judgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

excepted from expunction according to an exception of Texas Code of Criminal Procedure found in article 55.01(c)[2] and because the trial court ruled without receiving any evidence. We conclude the trial court erred in granting relief to D.T. because no evidence was actually admitted for the court to consider in its determination. We therefore reverse the trial court's order and remand for further proceedings.

**BACKGROUND**

In June 2013, D.T. was convicted of driving while intoxicated in Randall County Court at Law Number One, in cause number 2013-0333-1. His sentence of 120 days of confinement in the county jail was probated for two years. By information filed in June 2018, in Lubbock County Court at Law Number Two, in cause number 2018-493,318, D.T. was charged with the January 22, 2018 offense of driving while intoxicated, second. Trial was conducted in October 2019 and the jury returned a verdict of "not guilty."[3]

In November 2019, D.T. filed a petition to expunge the record of the acquitted Lubbock County DWI second arrest relying on article 55.01(a)(1)(A) of the Texas Code of Criminal Procedure.[4] The Department and the State, appearing through the Lubbock County District Attorney's Office, filed answers containing general denials. The Department and the State alleged in their answers that D.T. was not entitled to expunction of the 2018 DWI second arrest because, even though he was acquitted of that offense, his 2013 conviction for DWI and his 2018 arrest were part of the "same criminal episode"

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(c) (West Supp. 2020).

[3] As later discussed herein, there was no evidence offered at D.T.'s expunction hearing. The background facts are drawn from copies of documents attached to the answers of the Department and the State. Because the record contains no evidence, the facts here stated are simply to provide context.

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A).

and thus, expunction was prohibited by Texas Code of Criminal Procedure article 55.01(c).[5]

The trial court conducted a brief, *non-evidentiary hearing* and on January 22, 2020, signed an order granting the requested expunction. The Department was not present for the hearing of D.T.'s petition. It did not file any post-judgment motions and did not request findings of fact and conclusions of law. On July 10, 2020, the Department filed a notice of restricted appeal.[6]

**ANALYSIS**

To prevail on a restricted appeal, the filing party must show that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and it did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)). The first three requirements for a restricted appeal are jurisdictional but the fourth is not. *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020) (stating, "[w]e confirm today that the error-on-the-face-of-the-record requirement is not jurisdictional"). Accordingly, "[a]n appellant who satisfies

---

[5] *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(c) (providing a court may not order expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted if the offense arose out of a criminal episode as defined by Texas Penal Code section 3.01 and the person was convicted of at least one other offense occurring during the criminal episode); TEX. PENAL CODE ANN. § 3.01 (West 2021) (defining "criminal episode" as, inter alia, the commission of two or more offenses and the offenses are the repeated commission of the same or similar offenses).

[6] The contents of a notice of appeal for a restricted appeal must include: a statement that the appellant is a party affected by the trial court's judgment but did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of; a statement that the appellant did not timely file either a post-judgment motion, request for findings of fact and conclusions of law, or notice of appeal; and be verified by the appellant if the appellant does not have counsel. TEX. R. APP. P. 25.1(d)(7).

the first three requirements establishes the court's jurisdiction and must then establish error from the face of the record to prevail in the restricted appeal." *Id.* (citation omitted).

The "face of the record" in a restricted appeal includes all the documents in the appellate record (or the absence thereof), including the clerk's and reporter's records. *Cervantes v. Travis Tiles Sales, Inc.*, No. 07-16-00011-CV, 2018 Tex. App. LEXIS 694, at *1-2 (Tex. App.—Amarillo Jan. 24, 2018, no pet.) (mem. op.) (citing *Norman Commc'ns v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997) (per curiam) (former writ of error review)). Although on restricted appeal the scope of appellate review is the same as an ordinary appeal, the standard of appellate review is constrained in that the reviewing court does not draw any inferences or presumptions from the record but rather, must look solely to the face of the record itself. *Ex parte Gomez*, No. 07-14-00206-CV, 2016 Tex. App. LEXIS 3263, at *3-4 (Tex. App.—Amarillo March 30, 2016, no pet.) (mem. op.). In other words, "a restricted appeal requires error that is *apparent,* not error that may be *inferred*." *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (emphasis in original).

Based on the record before us, we conclude the Department timely filed a notice of restricted appeal, was a party to the expunction proceeding, did not participate in the expunction hearing,[7] and did not file a post-judgment motion or request findings of fact

---

[7] *See Ex parte K.K.*, No. 02-17-00158-CV, 2018 Tex. App. LEXIS 1921, at *5 n.6 (Tex. App.—Fort Worth March 15, 2018, no pet.) (mem. op.) (noting cases that have impliedly or expressly held that an answer from the Department does not constitute participation in the expunction hearing thus barring a restricted appeal). Furthermore, the district attorney's office did not represent the Department at the expunction hearing. *See Ex parte Stiles*, 958 S.W.2d 414, 417 (Tex. App.—Waco 1997, pet. denied) ("The procedure established by the legislature for expunction hearings is unique because each law enforcement agency listed in the petition who has records which are subject to expunction may appear in court to oppose the expunction and may appeal the court's decision 'in the same manner as in other civil cases.' Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 55.02 §§ 2, 3(a). Thus, because each agency may make a separate appearance in court and may separately appeal the decision, one agency does not represent the others in court and does not participate in the trial on behalf of all agencies notified of the expunction.") (citation and internal quotation marks omitted)); *but see Texas Dep't of Pub. Safety v. Butler*, 941 S.W.2d 318, 319-20 (Tex. App.—Corpus Christi 1997, no writ) (holding that if the Department chooses not to appear it is represented by the district attorney who acts on behalf of the State).

and conclusions of law. Thus, the Department satisfied the jurisdictional requirements of a restricted appeal. *See Ex parte E.H.*, 602 S.W.3d at 497. We turn to the final inquiry, whether error is apparent on the face of the record.

The Department argues that error is apparent on the face of the record because the trial court misapplied the exception to expunction provided by Code of Criminal Procedure article 55.01(c). Expunction is a statutory remedy that permits the expunction of wrongful arrests. *R.G. v. Harris Cty. Dist. Attorney's Office*, No. 14-18-00823-CV, 2020 Tex. App. LEXIS 6372, at *3 (Tex. App.—Houston [14th Dist.] Aug. 13, 2020) (mem. op). The requirements for expunction are set forth in Texas Code of Criminal Procedure article 55.01. TEX. CODE CRIM. PROC. ANN. art. 55.01. Although the statutory provision for expunction is included in the Code of Criminal Procedure, an expunction proceeding is civil in nature. *Ex parte E.H.*, 602 S.W.3d at 489. "Because expunction is a statutory privilege and not a constitutional or common law right courts must enforce the statutory requirements and cannot add equitable or practical exceptions that the legislature did not see fit to enact[.]" *Id.* (citations, internal quotation marks, and ellipses omitted). The petitioner for expunction bears the burden of proving compliance with all the statutory requirements. *Ex parte Anderson,* No. 06-18-00102-CV, 2019 Tex. App. LEXIS 2678, at *3 (Tex. App.—Texarkana April 4, 2019, no pet.) (mem. op.).

We review the trial court's determination of a petition for expunction for abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). "Under the abuse of discretion standard, appellate courts afford no deference to the trial court's legal determinations because a court has no discretion in deciding what the law is or in applying it to the facts." *Id.* (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009)).

"Thus, a trial court's legal conclusions are reviewed de novo." *Id.* (citing *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996)).

Disposition of the Department's issue requires we review the evidentiary record developed before the trial court. "[A] trial court may rule on an expunction petition without conducting a formal hearing and without the consideration of live testimony, *if* it has at its disposal all the information it needs to resolve the issues raised by the petition. Presumably, that information might be available by what is in the pleadings, by summary judgment proof, or by judicially noticing court records." *Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.) (internal citations omitted) (emphasis added).

Article 55.01(a)(1)(A) provides, "A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if: the person is tried for the offense for which the person was arrested and is: acquitted by the trial court, except as provided by Subsection (c)[.]" TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A). Here, the Department filed a general denial answer putting D.T. to his proof. *See In re Ross*, No. 05-19-00769-CV, 2020 Tex. App. LEXIS 6672, at *3-5 (Tex. App.—Dallas Aug. 19, 2020, no pet.) (mem. op.) (drawing distinction when petitioner for expunction is put to his proof by a party's general denial answer). *See also State v. Herron*, 53 S.W.3d 843, 847 (Tex. App.—Fort Worth 2001, no pet.) ("In a civil case, a general denial puts a plaintiff on proof of every fact essential to his case. This is true even in expunction cases. A verified pleading is generally not evidence.") (citations omitted)); *Tex. Dep't of Pub. Safety v. Borhani*, No. 03-08-00142-CV, 2008 Tex. App. LEXIS 7509, at *9 (Tex. App.—Austin Oct. 3, 2008, no pet.) (mem. op.) ("Once the matter is in issue and the petitioner's allegations are controverted, the petitioner must present evidence to substantiate his pleadings in

order to prevail.") (citing *Tex. Dep't of Pub. Safety v. Claudio*, 133 S.W.3d 630, 632-33 (Tex. App.—Corpus Christi 2002, no pet.) (op. on reh'g)).

In this case, D.T. offered no evidence to support his pleadings, nor was any summary judgment-like evidence filed or presented. Furthermore, judicial notice of another court's judgment, if intended, was not taken as a substitute for evidence.

As petitioner for expunction, D.T. assumed the burden of proving the requirements of article 55.01(a)(1)(A). *See Ex parte D.L.W.*, No. 04-18-00713-CV, 2019 Tex. App. LEXIS 7095, at *3, *4 (Tex. App.—San Antonio Aug. 14, 2019, no pet.) (mem. op.) (explaining under article 55.01(a)(1)(A), it was the petitioner's burden to prove he was tried for the charged offenses and ultimately acquitted and concluding petitioner failed to offer evidence sufficient to meet that burden). *See also Ex parte J.D.F.*, No. 07-17-00202-CV, 2019 Tex. App. LEXIS 3536, at *3 (Tex. App.—Amarillo May 1, 2019, no pet.) (mem. op.) ("To meet the burden of proving compliance with all statutory requirements for expunction of criminal records, a petitioner must provide more than allegations in a verified pleading. . . . He must put on evidence sufficient to prove the facts alleged in his petition.") (citations omitted)); *Ex parte E.M.P.*, 572 S.W.3d 361, 364 (Tex. App.—Amarillo 2019, no pet.) (concluding trial court abused its discretion where the respondent filed a general denial but the petitioner offered no evidence of the statutory requirements for expunction).

As previously noted, D.T. offered no evidence at the hearing. He presented only argument through counsel.[8] The Department and the State attached records pertaining

---

[8] An attorney's statements are not evidence unless an attorney is under oath at the time the statements are made. *Ugwa v. Ugwa*, No. 05-17-00633-CV, 2018 Tex. App. LEXIS 4089, at *7 (Tex. App.—Dallas June 6, 2018, no pet.) (mem. op.) (citing *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997)).

to D.T.'s DWI conviction and his second arrest and prosecution to their answers, but "[d]ocuments attached to pleadings are not evidence unless they are offered and admitted as evidence by the trial court." *Ugwa v. Ugwa*, No. 05-17-00633-CV, 2018 Tex. App. LEXIS 4089, at *6 (Tex. App.—Dallas June 6, 2018, no pet.) (mem. op.); *Noble Expl., Inc. v. Nixon Drilling, Co.*, 794 S.W.2d 589, 592 (Tex. App.—Austin 1990, no writ) (concluding a contract attached to a pleading which was not offered into evidence at trial could not be considered on appeal). Those documents were not offered and admitted as evidence at the hearing.

Although not altogether clear from the record, the parties and the trial court may have intended the court take judicial notice of the contents of the "shuck" in the Lubbock County prosecution, cause number 2018-493,318.[9] "[A] court will take judicial notice of another court's records if a party provides proof of the records." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012). However, taking judicial notice of the contents of a file does not elevate the averments of its contents into proof. *Gruber v. CACV of Colo., LLC*, No. 05-07-00379-CV, 2008 Tex. App. LEXIS 2314, at *4-5 (Tex. App.—Dallas April 2, 2008, no pet.) (mem. op.); *Claudio*, 133 S.W.3d at 633 (explaining while a court may properly take judicial notice of filed pleadings, it may not take the allegations in the pleadings as true absent testimony, other proof, or admissions by the other party). The record now before us does not include the contents of the Lubbock County shuck nor were any potentially judicially noticed records from Randall County

---

[9] "Judicial records from . . . a domestic court other than the court being asked to take judicial notice, have not been deemed so easily ascertainable that no proof is required; they are to be established by introducing into evidence authenticated or certified copies, respectively, of those records." *Ex parte Wilson*, 224 S.W.3d at 863.

included.  To the extent it may be said the trial court rested its decision on judicial notice of the unspecified records of other courts, we conclude it abused its discretion.

We further conclude the error was apparent from the face of the record[10] and not harmless because it probably caused the rendition of an improper judgment.  TEX. R. APP. P. 44.1(a)(1).

### CONCLUSION

We reverse the order of the trial court granting expunction and remand for further proceedings on D.T.'s expunction petition.  *See id.* at 43.2(c).  All documents that were turned over to the trial court or to D.T. by law enforcement agencies in compliance with the expunction order must be returned to the submitting agencies.  *See Ex parte J.J.*, No. 02-17-00036-CV, 2018 Tex. App. LEXIS 5292, at *10 (Tex. App.—Fort Worth July 12, 2018, no pet.) (mem. op.) (citing *Ex parte K.K.*, 2018 Tex. App. LEXIS 1921, at *7-8; *Ex parte B.M.*, No. 02-14-00336-CV, 2015 Tex. App. LEXIS 5403, at *4 (Tex. App.—Fort Worth May 28, 2015, no pet.) (mem. op.)).

Patrick A. Pirtle
Justice

---

[10] The order granting D.T.'s petition for expunction recites the court "considered the pleadings and other documents on file herein . . . ."

9