**FILED**

August 25, 2025

Fifteenth Court of Appeals
Christopher A. Prine
Clerk of Court

ACCEPTED
15-24-00116-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/12/2025 11:17 AM
CHRISTOPHER A. PRINE
CLERK

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/12/2025 11:17:51 AM
CHRISTOPHER A. PRINE
Clerk

# State Office of Administrative Hearings

Kristofer S. Monson
Chief Administrative Law Judge

February 4, 2025

Lauren McGee
Office of the Attorney General

**VIA EFILE TEXAS**

George Hyde
Michael Weston
Hyde Kelly, LLP

**VIA EFILE TEXAS**

> **RE: Docket Number 407-24-18289; TCOLE No. 24-0005;** *Texas Commission on Law Enforcement v. Arnulfo Cortez, Jr.*

Dear Parties:

Please find attached a Proposal for Decision in this case.

Exceptions and replies may be filed by any party in accordance with 1 Texas Administrative Code section 155.507(b), a SOAH rule which may be found at www.soah.texas.gov.

CC: Service List

P.O. Box 13025 Austin, Texas 78711-3025 | 300 W. 15th Street Austin, Texas 78701
Phone: 512-475-4993 | www.soah.texas.gov

# BEFORE THE
# STATE OFFICE OF ADMINISTRATIVE HEARINGS

---

## TEXAS COMMISSION ON LAW ENFORCEMENT,
### PETITIONER
### v.
## ARNULFO CORTEZ, JR.,
### RESPONDENT

## PROPOSAL FOR DECISION

The Executive Director (ED) of the Texas Commission on Law Enforcement (Commission) seeks cancellation of the peace officer license (PID 464540) of Arnulfo Cortez, Jr. (Respondent). The underlying facts are not disputed. Instead, this case turns on whether a deferred disposition is considered a deferred adjudication under Commission rules and whether the Commission may use the deferred disposition to take action against Respondent's license. The Administrative Law Judge (ALJ) concludes that a deferred disposition is not a deferred adjudication under Commission rules and the Code of Criminal Procedure prohibits the use of

the deferred disposition proceeding for any purpose. Therefore, it may not be used to support cancellation, and cancellation is not warranted.

## I.    NOTICE, JURISDICTION, AND PROCEDURAL HISTORY

There are no contested issues of jurisdiction or notice in this proceeding; therefore, those matters are addressed solely in the findings of fact and conclusions of law. State Office of Administrative Hearings (SOAH) ALJ Brent McCabe convened a hearing on the merits on November 19, 2024. Assistant Attorney General Lauren McGee represented the ED, and Attorneys George Hyde and Matthew Weston represented Respondent. The record closed on December 6, 2024, with the filing of the ED's rebuttal closing.[1]

## II.    BACKGROUND, EVIDENCE, AND STIPULATIONS

This case arises out of Respondent's 2014 deferred disposition of a family violence offense prior to his licensing as a peace officer in 2018. The ED argues that this deferred disposition renders Respondent ineligible under Commission rules and requires the cancellation of his license. Respondent does not dispute that he was placed on deferred disposition but argues that: a deferred disposition is separate from a deferred adjudication or community supervision; the Code of Criminal Procedure limits use of the deferred disposition for any purpose; and he was not placed on probation.

---

[1] On the morning of the hearing, Respondent filed a Brief, or, in the alternative, Motion for Disposition as a Matter of Law. To the extent it was raised as a motion, the ALJ denied the motion for disposition as a matter of law but considered Respondent's brief as part of his closing argument. The ALJ allowed the ED an opportunity to file a written rebuttal closing by December 6, 2024, which he did.

The underlying facts are not disputed, and, prior to the hearing, the parties filed agreed stipulations, which were accepted:

1. Arnulfo Cortez, Jr. (Respondent) holds a TCOLE peace officer license PID 464540.

2. On November 12, 2014, Respondent appeared before the City of Cibolo Municipal Court and pled Nolo Contendere to the Class C Misdemeanor offense of Assault-Family Violence pursuant to Texas Penal Code 22.01(a)(3) and was placed on deferred disposition.

3. Respondent complied with the terms of deferred disposition and the charge against him was dismissed by the City of Cibolo Municipal Court on May 13, 2015, and did not result in a conviction.

4. Respondent completed the Basic Peace Officer Course at the Alamo Area Law Enforcement Academy on April 10, 2018.

5. In his application to the Alamo Area Law Enforcement Academy, Respondent disclosed that he was charged with the Class C Misdemeanor of Assault and the charges were dismissed after deferred disposition.

6. TCOLE granted Respondent a peace officer license PID 464540 on July 2, 2018.

7. From July 2, 2018, to April 11, 2019, Respondent was employed as a Licensed Peace Officer by the Universal City Police Department.

8. In his application to the Universal City Police Department, Respondent disclosed that he was charged with the Class C Misdemeanor of Assault and that the charges were dismissed after deferred disposition.

9. From June 24, 2019, to December 18, 2021, Respondent was employed as a Licensed Peace Officer by the Guadalupe County Sheriff's Office.

10. From July 11, 2022, to February 13, 2024, Respondent was employed as a Licensed Peace Officer by the Cibolo Police Department.

11. In his application to the Cibolo Police Department, Respondent disclosed that he was charged with the Class C Misdemeanor of Assault and that the charges were dismissed after deferred disposition.

12.  The Cibolo Police Department conducted a background investigation before hiring Respondent.

13.  In an e-mail dated February 13, 2024, TCOLE Sergeant Kevin Kelso sent Cibolo Police Chief Thedrick Andres an e-mail stating that "It has been determined that [Respondent's] TCOLE Peace Officer License is being Cancelled due to him being disqualified for the Family Violence conviction. He needs to be F-5'd immediately. You do not have to terminate him, and he can still perform Administrative duties, but he can't provide services that would require Police power. He does have [the] ability to have due process through the State Office of Administrative Hearings."

14.  On February 13, 2024, Respondent was honorably discharged from the Cibolo Police Department.

In addition to the stipulations, the ED offered TCOLE Exhibits 1-3, which were admitted, and Respondent offered Respondent's Exhibits 1-10, which were admitted. No testimony was offered. The exhibits largely underpin the stipulations by the parties. To the extent that the discussion requires reference to a particular exhibit, it will be discussed in the context of the Analysis section below.

## III.  APPLICABLE LAW

To serve as a peace officer, a person is required to hold the appropriate license.[2] The Commission is responsible for the licensing and regulating of peace officers, including implementing minimum standards for eligibility.[3] Among other minimum standards, a person seeking a license must never have been "convicted or placed on community supervision in any court of an offense involving family

---

[2] Tex. Occ. Code § 1701.301.

[3] *See, e.g.*, Tex. Occ. Code § 1701.151(2).

violence . . . ."[4] An officer's license is subject to cancellation if the officer did not meet all minimum standards and their application was subject to denial.[5]

"Community supervision" means "[a]ny court-ordered community supervision or probation resulting from a deferred adjudication or conviction by a court of competent jurisdiction" but "does not include supervision resulting from a pretrial diversion."[6] Family violence has the meaning assigned to it under chapter 71 of the Texas Family Code.[7]

## IV. ANALYSIS

Respondent challenges the ED's attempted cancellation on four major grounds: (1) "deferred adjudication" as used by the Commission should not be read to include a deferred disposition;[8] (2) the Commission is limited by the Code of Criminal Procedure from relying on the deferred disposition to support cancellation; (3) the record fails to show that Respondent was placed on probation; and (4) the

---

[4] 37 Tex. Admin. Code § 217.1(b)(7). Given the timeframes in this PFD, citations to licensing provisions are to the rules in effect at the time of Respondent's initial licensure in July 2018, but citations relating to the criminal law or procedure will be to the law in effect at the time of Respondent's deferred disposition, November 2014.

[5] 37 Tex. Admin. Code § 217.5(a)(1), (c); *see* 37 Tex. Admin. Code § 223.19(c) (requiring revocation of a license following the person's conviction or placement on community supervision for an offense involving family violence).

[6] 37 Tex. Admin. Code § 211.1(a)(19). The Commission also defined "placed on probation" to mean having "received an adjudicated or deferred adjudication probation for a criminal offense." 1 Tex. Admin. Code § 211.1(a)(48).

[7] 37 Tex. Admin. Code § 211.1(a)(25). The Texas Family Code defines "family violence" to include an act by a spouse or former spouse against their spouse or former spouse that is intended to result in physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself. Tex. Fam. Code §§ 71.003-.004(1).

[8] To the extent that Respondent argues that the definition, if deferred dispositions are included, would exceed the Commission's rulemaking authority or otherwise render the rule invalid, the argument goes beyond the scope of this PFD and is not addressed further. Instead, this PFD focuses on the correct interpretation of "deferred adjudication" and limitations, if any, on the type of evidence relied upon.

offense cannot be considered an offense involving family violence because the final judgment does not contain a family violence finding.[9] The ED disagrees with each of these positions, arguing that (1) properly construed, the Commission's use of "deferred adjudication" includes deferred disposition; (2) the Code of Criminal Procedure only prohibits use of the underlying complaint from the criminal case; and (3) probation is statutorily required for deferred disposition; and (4) a criminal court finding is not dispositive of whether the offense involves family violence.

Before addressing the parties' arguments, a discussion regarding deferred adjudication and deferred disposition under Texas Code of Criminal Procedure is necessary.

In the criminal context, the term deferred adjudication community supervision refers to a procedure found at the relevant time in Texas Code Criminal Procedure article 42.12, section 5.[10] This procedure allows a judge to accept a guilty or nolo contendre plea, defer proceedings without an adjudication of guilt, and place the defendant on community supervision.[11] If a defendant completes the terms of the community supervision, the judge shall dismiss the proceedings.[12] A dismissal

---

[9] Respondent also argues that he was never convicted of the alleged crime and, therefore, does not meet that prong of the definition of the minimum standard or community supervision definition. The ED does not contest that Respondent was not convicted. Thus, the ALJ will not further discuss that issue.

[10] In 2017, the community supervision procedures were moved to their own chapter—Texas Code of Criminal Procedure chapter 42A.

[11] Tex. Code Crim. Pro. art. 42.12, § 5(a). Community supervision means "the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which . . . criminal proceedings are deferred without an adjudication of guilt . . . ." Tex. Code Crim. Pro. art. 42.12, § 2(2).

[12] Tex. Code Crim. Pro. art 42.12, § 5(c).

following deferred adjudication "may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense."[13] Deferred adjudication may be considered: (1) upon conviction of a subsequent offense to be considered on the issue of penalty; (2) if the defendant is an applicant for a license or is a licensee under Chapter 42, Human Resources Code; and (3) if the defendant is a person who has applied for registration to provide mental health or medical services for the rehabilitation of sex offenders.[14]

For offenses in municipal or justice court involving a misdemeanor offense punishable by fine only, a judge may similarly accept a plea of guilty or nolo contendre, defer adjudication of guilt, and place the defendant on "probation."[15] Upon completion of the probation, the judge shall dismiss the complaint, and note the dismissal in the docket that there is not a final conviction.[16] "If a complaint is dismissed under this article, there is not a final conviction and the complaint may not be used against the person for any purpose."[17]

To be sure, the procedures for deferred adjudication community supervision and deferred disposition serve a similar function—allowing the dismissal of a

---

[13] Tex. Code Crim. Pro. art. 42.12, § 5(c).

[14] Tex. Code Crim. Pro. art. 42.12, § 5(c). In 2021, the Legislature expressly limited use of a dismissed offense as grounds for denying, suspending or revoking a professional or occupational license except in these previously listed scenarios; if the defendant is a license holder or seeking a license under chapter 1701 of the Texas Occupations Code; or if the offense related to the license sought or a particular class of offense. Tex. Code Crim. Pro. art. 42A.111.

[15] Tex. Code Crim. Pro. art. 45.051(a).

[16] Tex. Code Crim. Pro. art. 45.051(c).

[17] Tex. Code Crim. Pro. art. 45.051(e).

criminal charge without an adjudication of guilt. However, the two procedures feature certain distinctions. A deferred disposition is available only for a fine-only misdemeanor in municipal or justice court where deferred adjudication community supervision is available in all cases unless expressly prohibited. Deferred adjudication community supervision requires the judge to hear evidence and determine that it substantiates guilt where deferred dispositions require no such showing.[18] While both procedures make sure that a defendant is not subject to the disabilities of a conviction following dismissal, deferred dispositions include that the complaint may not be used for any purpose.[19]

## A.    INTERPRETATION OF "DEFERRED ADJUDICATION"

In the definition for "community supervision," the Commission includes community supervision or probation resulting from "deferred adjudication." The parties disagree as to the scope of "deferred adjudication" in this context with Respondent arguing that it is limited to deferred adjudication community supervision under Texas Code of Criminal Procedure chapter 42 where the ED asserts that the

---

[18] *Compare* Tex. Code Crim. Pro. art. 42.12, § 5(a), *with* Tex. Code Crim. Pro. art. 45.051(a).

[19] *Compare* Tex. Code Crim. Pro. art. 42.12, § 5(c), *with* Tex. Code Crim. Pro. art. 45.051(e).

term includes both deferred adjudication community supervision and deferred disposition found in article 45.051.[20]

In addressing interpretation of a rule, administrative rules are construed using statutory construction principles.[21] When a statute or rule is unambiguous, its interpretation must give effect to the plain meaning of the words, which are determinative of the Legislative or agency's intent.[22] The words used are "the surest guide to [] intent," [23] and courts must look to the "plain and common meaning of the statute's words." [24] It is presumed that every word or phrase in a statute had been "intentionally used with a meaning and a purpose." [25] "But if there is vagueness, ambiguity, or room for policy determinations in the regulation, [the courts] will defer

---

[20] The ED asserts that the Commission has consistently interpreted deferred adjudication to included deferred disposition and in support cited to two default orders from 2019 and 2024. The ALJ does not find the citations sufficient to conclude the Commission's interpretation of the phrase. First, the cited orders were default orders and not the result of a contested case hearing in which the Commission was required to evaluate the ED's interpretation. Second, no other written policy was provided in this case demonstrating an expected interpretation. *See* 1 Tex. Admin. Code § 155.419. Lastly, its consistent application is belied by Respondent's licensure in this case, in which Respondent disclosed his deferred disposition multiple times to his academy and law enforcement agencies. Yet, Respondent received a license and has been licensed as a peace officer for over six years. In sum, the record does not suggest an interpretation of "deferred adjudication" in the Commission rules has been settled at this point.

[21] *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 438-39 (Tex. 2011).

[22] *TGS-NOPEC Geophysical*, 340 S.W.3d at 438-39.

[23] *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999); Tex. Gov't Code § 311.011(a).

[24] *Fitzgerald*, 996 S.W.2d at 865 (citations omitted).

[25] *In re Allen*, 366 S.W.3d 696, 706 (Tex. 2012) (orig. proceeding).

to the agency's interpretation unless it is plainly erroneous or inconsistent with the language of the rule."[26]

The ED argues when the rule was first adopted in 2001, deferred adjudication was understood to include both types of deferral procedures.[27] Respondent responds that deferred adjudication and deferred disposition are distinct procedures and the deferred disposition statute's express limitation on use "for any purpose" highlights that the Commission did not intend to include deferred dispositions in the term "deferred adjudication."

In 2001, the Commission first defined community supervision. At that time, the language of the deferred disposition statute referred to its procedure as a deferred adjudication.[28] According to the ED, this illustrates that the use of "deferred adjudication" in the rule when adopted intended to include deferred dispositions as they are now known.[29] To this end, the ED also cites to a Fort Worth Court of

---

[26] *City of Alvin v. Pub. Utility Comm'n of Tex.,* 143 S.W.3d 872, 881 (Tex. App.—Austin 2004, no pet.). "Deference to the agency's interpretation, however, is not conclusive or unlimited. We defer only to the extent that the agency's interpretation is reasonable, and no deference is due where an agency's interpretation fails to follow the clear, unambiguous language of its own regulations." *TGS-NOPEC Geophysical*, 340 S.W.3d at 438 (internal citations omitted).

[27] *See* 26 Tex. Reg. 5270-71 ( July 13, 2001) (adopting definition proposed in 25 Texas Register 2814-15 (April 13, 2001) to be effective August 1, 2001).

[28] Act of June 19, 1999, 76th Leg., R.S., ch. 1545, § 50 (referring to this procedure in article 45.051(2)(B) as a "deferred adjudication").

[29] This argument is somewhat undercut by the Legislature's reenactment of article 45.051 at that time. In June 2001, House Bill 2812 reenacted article 45.051 and removed any reference to its own procedure as a deferred adjudication. Act of June 17, 2001, 77th Leg., R.S., ch. 1420, § 3.002. Therefore, between the Commission's proposed rule change and subsequent adoption, the Legislature enacted a bill, which removed any reference to article 45.051 as a "deferred adjudication." However, that bill did not become effective until a month after the Commission's definition became effective. Therefore, it could be presumed that the Commission in adopting its rules were aware of the changes to the enacted law.

Appeals case in which a deferred disposition from 1993 was referred to as "deferred adjudication probation."[30] The Legislature, meanwhile, has applied terms with some statutes distinguishing between "deferred adjudication community supervision" and deferred dispositions[31] and others using "deferred adjudication" as synonymous with deferred adjudication community supervision and separate from deferred disposition.[32] This is reinforced by Article 42.12, which uses deferred adjudication community supervision and deferred adjudication as synonymous.[33] As noted above, the language used is "the surest guide to [] intent."[34] In this case, the Legislature created a distinction between these phrases—a distinction adopted by the Commission in its use of the term.[35] Therefore, the ALJ concludes that "deferred adjudication" does not encompass deferred dispositions ordered pursuant to Texas Code of Criminal Procedure article 45.051.

---

[30] *State v. Herron*, 53 S.W.3d 843 (Tex. App.—Fort Worth 2001) (no pet.); *see also Pickett v. State*, No. 05-00-01128-CR, 2002 WL 202466, at *2-3 (Tex. App.—Dallas Feb. 11, 2002) (no pet.) (describing deferred disposition under article 45.051 as a "form of deferred adjudication").

[31] *See* Tex. Occ. Code § 1701.1524(b) (first effective 2009) (specifying "deferred adjudication community supervision"); *see also, e.g.*, Tex. Occ. Code §§ 565.001-.002, 568.003 (first effective 2005) (distinguishing between "deferred adjudication community supervision" and deferred disposition); Tex. Occ. Code § 164.051 (first effective 2003) (same); Tex. Occ. Code § 351.266(c)(3) (first effective 2013) (same); Tex. Health & Safety Code §§ 773.0614-.0615 (first effective 2009, 2013) (same); Tex. Occ. Code § 301.452(b)(3) (eff. 2005) (same).

[32] Tex. Code Crim. Pro. art. 102.0185 (first effective 2003) (distinguishing between "deferred disposition or deferred adjudication"); Tex. Alco. Bev. Code § 106.071(i) (referring to "deferred disposition or deferred adjudication"); Tex. Educ. Code § 25.093 (referring to a "conviction, deferred adjudication, or deferred disposition" as first added in 2001); Tex. Local Gov't Code § 134.002(b)(2) (first effective 2020) (defining conviction to include "community supervision, deferred adjudication, or deferred disposition"); Tex. Parks & Wildlife Code § 75.0107(a) (first effective 2019) (including "imposition of deferred adjudication or deferred disposition" in "final conviction").

[33] Tex. Code Crim. Pro. art. 42.12, §§ 5(a), (a-1), (d), (f), 9(a), 21(a),22A(a).

[34] *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999); Tex. Gov't Code § 311.011(a).

[35] The distinctions between the two procedures reinforce this separation of interpretation. *Compare* Tex. Code Crim. Pro. art. 45.051, *with* Tex. Code Crim. Pro. art. 42.12, § 5. Specifically, deferred dispositions do not require a substantiation of guilt and have more stringent limitations on when it may be used, as discussed below. Tex. Code Crim. Pro. art. 45.051(a), (e).

## B. THE COMMISSION MAY NOT RELY ON THE ORDER OF DEFERRED DISPOSITION

The deferred disposition statute places limitations on the use of material relating to deferred dispositions. First, the statute makes clear that, following a deferred disposition, the complaint is dismissed and there is no conviction.[36] Second, the statute restricts the use of that complaint against the person "for any purpose."[37] This is distinct from deferred adjudication community supervision where the "proceeding" is dismissed and only details that the defendant was not convicted or subject to the disabilities of conviction except in certain scenarios where the evidence of the deferred adjudication community supervision were admissible.[38]

The ED argues that any restriction on use in this proceeding is limited to use of the complaint—the case's charging instrument—a copy of which is not in the record for this proceeding. Respondent takes the position that this limits the Commission's use of the deferred disposition against him in this proceeding.

"Complaint" in chapter 45 is defined as "a sworn allegation charging the accused with the commission of an offense."[39] It is, therefore, suggested that article 45.051's prohibition, in light of this definition, is limited just to the charging instrument. However, read in its entirety, article 45.051 cuts against this

---

[36] Tex. Code Crim. Pro. art. 45.051(c), (e).

[37] Tex. Code Crim. Pro. art. 45.051(e).

[38] Tex. Code Crim. Pro. art. 42.12, § 5(c).

[39] Tex. Code Crim. Pro. art 45.018(a).

interpretation. Article 45.051 states that the judge dismisses "the complaint."[40] In this article, "complaint" is used in place of the "proceeding."[41] This follows from the history of these provisions as the definition for complaint was added to the Code of Criminal Procedure in 1999 where the prohibition on the complaint's usage was added in 1989.[42] Furthermore, its prohibition against use "for any purpose" mirrors part of the limitations found in the expunction statute: "[U]se of the expunged records and files for any purpose is prohibited."[43] Reading the deferred dispositions prohibition to be limited only to the charging instrument leads to ignoring the context with which it is used in article 45.051. Finally, if the ED's interpretation is adopted, it is difficult to perceive a situation in which the prohibition against the complaint's use is meaningful if the judgment or order of deferred disposition are to be used freely. The ALJ, therefore, concludes that article 45.051 prohibits the use of the proceeding, including the deferred disposition order and dismissal, for any purpose, absent specific authorization.

---

[40] Tex. Code Crim. Pro. art 45.051(c).

[41] *Compare* Tex. Code Crim. Pro. art 45.051(c) (dismissing the complaint), *with* Tex. Code Crim. Pro. art. 42.12, § 5(c) (dismissing the proceeding).

[42] Act of June 14, 1989, 71st Leg., R.S., ch. 399, § 1 (adding prohibition on use of complaint to article 45.54 prior to its redesignation as article 45.051); Act of June 19, 1999, 76th Leg., R.S., ch. 1545, § 15 (adding Tex. Code Crim. Pro. art. 45.018).

[43] Tex. Code Crim. Pro. art. 55.03. While article 45.051 does not contain some of the other protections for expunged records including prohibiting the release, maintenance, or dissemination, both contain strict prohibitions against the use for any purpose. Tex. Code Crim. Pro. arts. 45.051(e), 55.03(1). Therefore, the deferred disposition statute authorizes the defendant to seek expunction of the records relating to their deferred disposition. Tex. Code Crim. Pro. art. 45.051(e). There is nothing in the record to suggest that Respondent in this case has sought expunction of his deferred disposition.

As noted above, the Legislature has made clear in many contexts that an agency may rely on a deferred disposition.[44] It has also recently clarified the use of deferred adjudication community supervision records during use in licensing including an express exception for the Commission in using those records.[45] The Legislature added no exception to the Commission in the context of a deferred disposition. The Legislature has not expressly allowed the consideration of deferred dispositions to the Commission as it has done in the context of other licenses.

Therefore, the ALJ concludes that the ED's attempts to use Respondent's complaint and deferred disposition against him contravene article 45.051. Without use of those records, the ALJ cannot conclude that Respondent's license is subject to cancellation.

## C. ADDITIONAL ARGUMENTS

### 1. Respondent's Deferred Disposition Included Probation

Respondent argues that his deferred disposition was not probation because it contained no conditions or terms required by Respondent before the case's dismissal in 2015 nor did it state that Respondent was placed on community supervision or probation. The ED argues that probation is a required component of the deferred

---

[44] *See, e.g.*, Tex. Occ. Code §§ 164.051, 301.451, 351.103(c)(3), 565.001-.002, 568.003; Tex. Health & Safety Code §§ 773.0614-.0615. However, no such statutory authorization has been granted to the Commission. In fact, in licensing scenarios when chapter 53 applied, the Legislature specifically used the term "deferred adjudication community supervision" when it granted authority to issue rules to list offenses that would constitute grounds for the Commission to take action. Tex. Occ. Code § 1701.1524.

[45] Tex. Code Crim. Pro. art. 42A.111 (current version).

disposition statute; therefore, the deferred disposition necessarily requires probation. The ALJ agrees with the ED in this context.

The actual term "probation" is not defined by TCOLE.[46] However, under the deferred disposition statute, there are two components: the judge deferred dispositions of the case for up to 180 days *and* placed the defendant on probation.[47] The lack of specified terms in the final judgment does not negate this statutory requirement. It also does not follow logically from the procedure in the case. In Respondent's case, the judge placed him on deferred disposition and withheld dismissal for 180 days. If there were no conditions to the deferred disposition, there would be no basis for placement on deferred disposition instead of a straight dismissal. Finally, both the Commission's definition of community supervision uses the term "probation" as well as the deferred disposition statute. The ALJ is not aware of the term defined in either the Code of Criminal Procedure or the Commission's rules, meaning that both are subject to common usage. Thereby, both would be the same plain meaning definition, and Respondent would have received court-ordered probation.

---

[46] The Commission rules do define when an applicant is "placed on probation" but uses the term probation in its definition; instead, the rule seems to modify when a person is placed on probation under the rules. Specifically, a person is placed on probation when it is the result of a conviction or "deferred adjudication," which, as discussed above, excludes deferred disposition under the Commission's rules. However, the "community supervision" definition does not require that Respondent be "placed on probation"—only a court-ordered probation. Therefore, while Respondent was not "placed on probation" under the Commission's rules, he received court-ordered probation in the criminal context. *See* 37 Tex. Admin. Code § 211.1(48).

[47] Tex. Code Crim. Pro. art. 45.051(a).

## 2. Respondent's Offense Involved Family Violence

Respondent argues that, if the offense was a family violence offense, then the criminal court was required to make certain findings to place Respondent on deferred disposition. Respondent concludes that, because those findings were not made or recorded, the offense could not have been a family violence offense.

The lack of the court's finding, however, is not determinative of the nature of the offense. If the final judgment and order of deferred disposition were entitled to be relied upon, they would identify the charge to which Respondent pleaded nolo contendere was assault – family violence.[48] The evidence would establish that Respondent and his then-separated wife were both arrested following an incident at their former home involving both parties pushing and struggling over a suitcase packed with property that was fought over.[49] His separated wife constituted "family" and his actions giving rise to the offense was an assault by contact.[50] The evidence demonstrates that the relevant offense involved family violence.

### D. CONCLUSION AND RECOMMENDATION

Ultimately, the ALJ concludes that the term "deferred adjudication" as used in the Commission's rules excludes deferred dispositions and is limited to deferred adjudications under Texas Code of Criminal Procedure article 42.12. Furthermore, the deferred disposition statute restricts use of a case dismissed under the deferred

---

[48] *See* Stipulation No. 2.

[49] Respondent Ex. 2 at CORTEZ000011-12.

[50] Tex. Fam. Code §§ 71.003-.004.

disposition statute against Respondent for any purpose. With no statutory exceptions to this prohibition, the ALJ concludes that the ED's reliance on Respondent's deferred disposition to seek cancellation is improper and cannot support a claim for cancellation. The ALJ, therefore, must recommend that the Commission take no action against Respondent's license.

## V.    FINDINGS OF FACT

1.    Arnulfo Cortez, Jr. (Respondent) holds a TCOLE peace officer license PID 464540.

2.    On November 12, 2014, Respondent appeared before the City of Cibolo Municipal Court and pled Nolo Contendere to the Class C Misdemeanor offense of Assault-Family Violence pursuant to Texas Penal Code 22.01(a)(3) and was placed on deferred disposition.

3.    Respondent complied with the terms of deferred disposition and the complaint against him was dismissed by the City of Cibolo Municipal Court on May 13, 2015, and did not result in a conviction.

4.    Respondent completed the Basic Peace Officer Course at the Alamo Area Law Enforcement Academy on April 10, 2018.

5.    In his application to the Alamo Area Law Enforcement Academy, Respondent disclosed that he was charged with the Class C Misdemeanor of Assault and the charges were dismissed after deferred disposition.

6.    TCOLE granted Respondent peace officer license PID 464540 on July 2, 2018.

7.    From July 2, 2018, to April 11, 2019, Respondent was employed as a Licensed Peace Officer by the Universal City Police Department.

8.    In his application to the Universal City Police Department, Respondent disclosed that he was charged with the Class C Misdemeanor of Assault and that the charges were dismissed after deferred disposition.

9. From June 24, 2019, to December 18, 2021, Respondent was employed as a Licensed Peace Officer by the Guadalupe County Sheriff's Office.

10. From July 11, 2022, to February 13, 2024, Respondent was employed as a Licensed Peace Officer by the Cibolo Police Department.

11. In his application to the Cibolo Police Department, Respondent disclosed that he was charged with the Class C Misdemeanor of Assault and that the charges were dismissed after deferred disposition.

12. The Cibolo Police Department conducted a background investigation before hiring Respondent.

13. In an e-mail dated February 13, 2024, Sergeant Kevin Kelso with TCOLE sent Cibolo Police Chief Thedrick Andres an e-mail stating that "It has been determined that [Respondent's] TCOLE Peace Officer License is being Cancelled due to him being disqualified for the Family Violence conviction. He needs to be F-5'd immediately. You do not have to terminate him, and he can still perform Administrative duties, but he can't provide services that would require Police power. He does have [the] ability to have due process through the State Office of Administrative Hearings."

14. On February 13, 2024, Respondent was honorably discharged from the Cibolo Police Department.

15. On May 13, 2024, TCOLE referred this case to the State Office of Administrative Hearing (SOAH) for a contested case hearing.

16. On November 8, 2024, TCOLE filed and served Respondent with its Notice of Hearing. The Notice of Hearing contained a statement of the time, place, and nature of the hearing; a statement of the legal authority and jurisdiction under which the hearing was to be held; a reference to the applicable rules and statutes; and either a short plain statement of the factual matters asserted or an attachment that incorporated by reference the factual matters asserted in the complaint or petition filed with the state agency.

17. SOAH Administrative Law Judge Brent McCabe convened a hearing on the merits on November 19, 2024. Assistant Attorney General Lauren McGee represented the ED, and Attorneys George Hyde and Matthew Weston

represented Respondent. The record closed on December 6, 2024, with the filing of the ED's rebuttal closing. *See* Order Closing Record (filed Dec. 11, 2024).

## VI.  CONCLUSIONS OF LAW

1.  TCOLE has jurisdiction over this matter. Tex. Occ. Code ch. 1701.

2.  SOAH has jurisdiction over the contested case hearing in this matter and preparation of a Proposal for Decision. Tex. Gov't Code ch. 2003; Tex. Occ. Code § 1701.504.

3.  Respondent received timely and adequate notice of the allegations against him and the hearing on the merits. Tex. Gov't Code §§ 2001.051-.052.

4.  TCOLE had the burden of showing by a preponderance of the evidence that Respondent is subject to disciplinary action by TCOLE. 1 Tex. Admin. Code § 155.427; *Granek v. Tex. St. Bd. of Med. Exam'rs*, 172 S.W.3d 761, 777 (Tex. App.—Austin 2005, no pet.).

5.  TCOLE may establish minimum standards for someone licensed as a peace officer, among other professions. Tex. Occ. Code § 1701.151(2).

6.  A license may be cancelled if it is determined that the licensee did not meet minimum standards at the time of their application. 37 Tex. Admin. Code §§ 217.1(l), .5(c).

7.  A person is ineligible for licensure if they have been "convicted or placed on community supervision in any court of an offense involving family violence as defined under Chapter 71, Texas Family Code." 37 Tex. Admin. Code § 217.1(b)(7).

8.  Family violence is defined as "an act by a member of a family . . . against another member of the family . . . that is intended to result in . . . assault . . . ." Tex. Fam. Code § 71.004(1).

9.  "Family" includes spouses or former spouses. Tex. Fam. Code § 71.003.

10. "Community supervision" means "[a]ny court-ordered community supervision or probation resulting from a deferred adjudication or conviction by a court of competent jurisdiction." 37 Tex. Admin. Code § 211.1(19).

11. Deferred adjudication under Commission rules does not include deferred dispositions under Texas Code of Criminal Procedure article 45.051.

12. Following dismissal of the complaint after deferred disposition, it may not be used against that defendant for any purpose. Tex. Code Crim. Pro. art. 45.051(e).

13. Because deferred disposition does not meet the definition of "community supervision," Respondent was not placed on "community supervision . . . of an offense involving family violence." 37 Tex. Admin. Code §§ 211.1(19), 217.1(b)(7).

14. The Commission may not rely upon the complaint or the proceeding against Respondent to establish that Respondent failed to meet minimum standards. Tex. Code Crim. Pro. art. 45.051(e).

15. No action should be taken against Respondent's license.

**Signed February 4, 2025**

ALJ Signature:

Brent McCabe
Presiding Administrative Law Judge

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Victoria Wilhelm on behalf of George Hyde
Bar No. 45006157
vwilhelm@txlocalgovlaw.com
Envelope ID: 104260540
Filing Code Description: Motion
Filing Description: Motion For Leave to Supplement Appendix
Status as of 8/12/2025 11:25 AM CST

Associated Case Party: TEXAS COMMISSION ON LAW  ENFORCEMENT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jennifer Foster | | Jennifer.Foster@oag.texas.gov | 8/12/2025 11:17:51 AM | SENT |

Associated Case Party: City of Cibolo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Victoria Wilhelm | | vwilhelm@txlocalgovlaw.com | 8/12/2025 11:17:51 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| George Hyde | 45006157 | ghyde@txlocalgovlaw.com | 8/12/2025 11:17:51 AM | SENT |
| Matthew Weston | 24037698 | mweston@txlocalgovlaw.com | 8/12/2025 11:17:51 AM | SENT |
| Lauren McGee | 24128835 | Lauren.mcgee@oag.texas.gov | 8/12/2025 11:17:51 AM | SENT |